UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| AMERICA'S COLLECTIBLES NETWORK, INC., d/b/a JEWELRY TELEVISION, )<br>)<br>Plaintiff, )<br>)<br>)<br>V. )<br>)<br>STERLING COMMERCE (AMERICA) INC., )<br>)<br>Defendant. ) | No. 3:09-CV-143<br>(JORDAN/GUYTON) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. Now before the Court is a Motion to Compel Production of Unredacted Documents [Doc. 113], filed by Defendant Sterling Commerce (America), Inc., ("Sterling"). In its previous Memorandum and Order [Doc. 197], the Court ordered that the Plaintiff produce copies of the business meeting agendas at issue in the Motion to Compel to the Court for *in camera* review.

Unredacted copies of the agendas were produced to the chambers of the undersigned on June 25, 2013. The Court has reviewed the Agenda for General Business Meeting 1/13/09 and Agenda for General Business Meeting 2/24/09. The Court finds that neither document contains communications made to an attorney or made by a client to an attorney that would be covered by the attorney-client privilege as it exists in the statutes and common law of the State of Tennessee.

The Court finds that the "Legal" subsection of these agendas addresses the general business of the Plaintiff. It includes vague commentary on the business functions performed by the legal department of Plaintiff through statements like "[m]anaging contracts and assisting with

contract renegotiations" and "[i]dentifying and managing risk issues." Such statements are not protected by the attorney-client privilege. See Leazure v. Apria Healthcare Inc., 2010 WL 3895727, at *1 (E.D. Tenn. Sept. 30, 2010); In re So. Industrial Banking Corp., 35 B.R. 643, 647 (Bankr. E.D. Tenn. 1983).

The Court has given special attention to the one mention of the Defendant in the agendas, which states that the legal division of the Plaintiff is "[i]nvestigating potential Sterling claims." The Court finds that this innocuous statement, which does not hint at legal advice either being requested or received by the Plaintiff, is not protected by the attorney-client privilege.

Similarly, the Court has reviewed the handwritten notes made on one copy of the Agenda for General Business Meeting 1/13/09. The Court finds that the notes made thereon are not protected by the attorney-client privilege. The notes in the "Legal" section do not request legal advice or document the receipt of legal advice. Instead, the notes reflect comments about persons opting into a class-action suit and general concerns regarding vendors and IT. Further, the note listing Sterling as one of many telecomm/IT companies is not protected by the attorney-client privilege.

Based upon the foregoing, the Court **ORDERS** the Plaintiff to produce unredacted copies of Agenda for General Business Meeting 1/13/09 and Agenda for General Business Meeting 2/24/09[1] to the Defendant on or before **July 12, 2013**.

**IT IS SO ORDERED.**

ENTER:

  /s H. Bruce Guyton
United States Magistrate Judge

---

[1] In total, the Plaintiff will deliver to Defendant three documents: one (1) copy of the 1/13/09 agenda with no notes; one (1) copy of the 1/13/09 agenda with handwritten notes; and one (1) copy of the 2/24/09 agenda with email coversheet.