UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| AMERICA'S COLLECTIBLES NETWORK, INC., d/b/a JEWELRY TELEVISION, | ) ) ) |
| Plaintiff, | ) ) |
| V. | ) No. 3:09-CV-143 ) (JORDAN/GUYTON) ) |
| STERLING COMMERCE (AMERICA) INC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. Now before the Court is a Motion to Compel the Production of Documents from Defendant and Serve Rule 45 Subpoenas on Certain Non-Parties [Doc. 146], filed by America's Collectibles Network, Inc., d/b/a Jewelry Television ("JTV"). Defendant Sterling Commerce (America) Inc. ("Sterling") opposes JTV's Motion to Compel. [Doc. 165].

On June 21, 2013, the Court entered a Memorandum and Order granting the Motion to Compel, in part. The Court ordered that Sterling produce those documents, which were in its possession and whose production it did not oppose, to JTV immediately. The Court also ordered that the Sterling produce additional categories of documents that were identified as being in Sterling's possession, including: "Requests for Proposals, Responses to Requests for Proposals, Solution Definition documents, and Business Requirement documents." This production was to be completed on or before July 15, 2013. Finally, the Court held the issue of subpoenaing third-party customers in abeyance to see if the additional production would obviate the need for the subpoenas.

JTV represented to the chambers of the undersigned that the need to issue subpoenas to the third-party customers was not obviated by Sterling's supplemental document production, and a follow-up hearing on the issue was set. On August 30, 2013, the parties appeared before the undersigned telephonically. The parties updated the Court on their progress in document production and their positions on the remaining issues in the Motion to Compel.

The Court has considered the parties' oral arguments, the parties' filings, Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, and the procedural posture of this case. The Court finds that the remaining requests for relief in the Motion to Compel [Doc. 146] are well-taken, in part. Accordingly, it is **ORDERED**:

1. The Motion to Compel is **GRANTED** to the extent that it sought a finding that the Consent Protective Order [Doc. 73] does not bar JTV from issuing subpoenas to Sterling's customers. The Court finds that Sterling has not shown good cause for this Court to issue a preemptive ruling denying JTV an opportunity to subpoena third-party customers. JTV may serve whatever subpoenas it deems appropriate, and pursuant to Rule 45 of the Federal Rules of Civil Procedure, the entities that are subject to the subpoena or Sterling will have the opportunity to move to quash the subpoenas.

2. The Motion to Compel is **DENIED** to the extent that it seeks any type of endorsement of the subpoena to QVC [Doc. 148-13], filed as an example of the subpoenas to be served. The Court finds that it has an interest in insuring that non-parties are not subjected to unduly burdensome subpoenas that are likely to require production of documents not relevant to the pending litigation. In this vein, the Court finds that the general requests for documents contained in the

example subpoena, [see id. at 12], request the production of documents that exceed the scope of documents that are relevant or discoverable in this matter. In the proposed form, the subpoenas are likely to impose an undue burden on third parties. The subpoenas should be tailored to acquire those documents that are relevant to the issues in this case and are not already in JTV's possession.

3. The Motion to Compel is **GRANTED** to the extent that it seeks a final order compelling Sterling to produce Requests for Proposals and Responses to Requests for Proposals in its control. In its previous Memorandum and Order, the Court ordered that these documents be produced on or before July 15, 2013. To the extent that any such documents are in the possession or control of Sterling and have not already been produced to JTV, they shall be produced **IMMEDIATELY**. Failure to comply with this Memorandum and Order may result in sanctions, including exclusion of evidence, under Rule 37 of the Federal Rules of Civil Procedure.

Finally, as stated at the hearing, the parties are reminded that the Court expects them to work together in diligently preparing this matter for trial.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge