UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| AMERICA'S COLLECTIBLES NETWORK, INC., d/b/a JEWELRY TELEVISION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:09-CV-143-RLJ-HBG ) |
| STERLING COMMERCE (AMERICA) INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Disqualify Defense Counsel From Cross-Examination, Amend the Scheduling Order to Reopen Limited Discovery, and to Supplement Initial Disclosures [Doc. 246]. The procedural posture of this issue and the relevant factual background is familiar to the Court and is reviewed in the parties' filings. The Court will not repeat it here.

In its motion, Plaintiff moves the Court to: (1) disqualify attorneys from Kilpatrick Townsend & Stockton LLP ("Kilpatrick") from cross-examining its former client, Felton Lewis; (2) amend the Scheduling Order to permit the Plaintiff to obtain certain discovery relating to issues and facts raised by Kilpatrick in its response in opposition to the Plaintiff's previous Motion to Amend; and (3) to allow Plaintiff to supplement its initial disclosures to identify Susan Cahoon and Joel Bush, both of whom are attorneys at Kilpatrick, as individuals likely to have discoverable information that Plaintiff may use to support its claims. In support of its requested

relief, Plaintiff cites the Court to Rules 1.6 and 1.9 of the Tennessee Rules of Professional Conduct. Plaintiff maintains that it has standing to assert the privileges associated with the relationship between Mr. Lewis and Kilpatrick.

In response, the Defendant argues that it was permitted to disclose the information, pursuant to Rule 1.6(b)(5) as needed "to respond to allegations in any proceeding concerning the lawyer's representation of the client." [Doc. 252]. Defendant argues that Mr. Lewis waived the privilege attached to any representation by Kilpatrick, when he disclosed confidential information about the relationship to Mr. Lambert. To the extent the privilege is invoked, Defendant maintains that Mr. Lewis, not the Plaintiff, should be the movant. Defendant argues that the additional discovery requested by the Plaintiff is overly broad.

In its reply, Plaintiff argues that Kilpatrick did not use the information in self-defense, and instead, used it as a sword against permitting discovery. Plaintiff maintains that its discovery requests are appropriately tailored.

The Rules of Professional Conduct adopted by the Supreme Court of Tennessee have been adopted by this Court insofar as they relate to matters within the jurisdiction of the Court. See E.D. Tenn. L.R. 83.6. Rule 1.9 provides that a lawyer, "who has formerly represented a client in a matter . . . shall not thereafter reveal information relating to the representation or use such information to the disadvantage of the former client. . . ." Tenn. Sup. Ct. R. 8, RPC 1.9. Rule 1.9 provides three exceptions that are not applicable here. However, Rule 1.6 also provides an exception to Rule 1.9, in that a lawyer "may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary . . . to respond to allegations in any proceeding concerning the lawyer's representation of the client." Tenn. Sup. Ct. R. 8, RPC 1.6.

The Court has considered these rules, the comments thereto, the relevant case law, the parties' filings, and the parties' thorough oral arguments. However, the Court finds that the issues presented can be resolved almost entirely by a compromise reached through the parties' concessions at the hearing. The Court finds that this compromise does not offend either party's position and is appropriate under the circumstances.

With regard to the cross-examination of Mr. Lewis, the Defendant has suggested that Attorney Keith Carver, of the law firm Kramer Rayson LLP, conduct the cross-examination. Mr. Carver currently serves as co-counsel for the Defendant in this case, but he has not had an attorney-client relationship with Mr. Lewis. Though Plaintiff initially objected to this course, counsel for the Plaintiff later represented that Plaintiff did not object to Mr. Carver conducting the cross-examination. The Court finds that Mr. Carver is well-qualified to conduct the cross-examination and his doing so does not present a potential conflict. Plaintiff has requested that Mr. Carver not prepare for this deposition with counsel from Kilpatrick. The Court finds that this restriction is generally appropriate, but the Court will not order Mr. Carver or the attorneys from Kilpatrick to use a "Chinese wall" or extreme restrictions in the preparation. Mr. Carver will use his professional judgment in preparing for this cross-examination.

With regard to the written discovery requested by the Plaintiff, the Court finds that Plaintiff should be permitted limited, additional discovery. At the hearing, counsel for the Defendant agreed to produce documents relating to the Defendant and Kilpatrick's relationship with Lewis. The Court finds that this proposed compromise is well-taken. The Court has reviewed the requests for production that Plaintiff proposes to serve upon Kilpatrick, the Defendant, and International Business Machines Corporation ("IBM"), and the Court finds that these requests seek documents far beyond the scope of discovery in this case and that many of

the items requested are likely to be protected by the attorney-client privilege or the work-product doctrine. Accordingly, the Court will order Kilpatrick to respond to Request 1 of the proposed requests for production for Kilpatrick, [Doc. 250-2 at 6-7], and will order Defendant to respond to Request 1 of the proposed requests for production for Defendant, [Doc. 250-4 at 5-6]. Plaintiff's request to permit any other additional discovery will be denied, and the Court will not order the IBM to respond to any of the proposed requests for production, [Doc. 250-3].

Finally, the Court finds that the request to depose Ms. Cahoon and Mr. Bush and the request to add Ms. Cahoon and Mr. Bush to the Plaintiff's disclosures are not well-taken. The Court finds that the depositions of counsel in this case would be an extreme form of relief, which appears unnecessary at this time. The Court is not prepared, at this time, to order such invasive discovery, and the Court finds that supplemental disclosures are not necessary.

Based upon the foregoing, the Motion to Disqualify Defense Counsel From Cross-Examination, Amend the Scheduling Order to Reopen Limited Discovery, and to Supplement Initial Disclosures **[Doc. 246]** is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. Attorney Keith Carver, of the law firm Kramer Rayson LLP, will conduct the cross-examination of Mr. Lewis, and he will use his professional judgment in restricting his interaction with attorneys from Kilpatrick in preparing for this cross-examination;

2. Kilpatrick **SHALL RESPOND** to Request 1 of the proposed requests for production for Kilpatrick, [Doc. 250-2 at 6-7], on or before **April 15, 2014**;

4

Case 3:09-cv-00143-TRM-HBG   Document 256   Filed 03/28/14   Page 4 of 5   PageID #: 5684

3. Defendant **SHALL RESPOND** Request 1 of the proposed requests for production for Defendant, [Doc. 250-4 at 5-6], on or before **April 15, 2014**;

4. All other requests for discovery are **DENIED**;

5. The Plaintiff's request to depose Ms. Cahoon and Mr. Bush is **DENIED**;

6. The Plaintiff's request to amend their initial disclosures is **DENIED**;

7. The parties **SHALL CONDUCT** the depositions of Mr. Lewis, Mr. Giannovi, and Mr. Lambert, [see Doc. 245], on or before **May 15, 2014**; and

8. The parties **SHALL FILE** any dispositive motions on or before **June 20, 2014**. Any responses to the dispositive motions shall be filed on or before **August 19, 2014**, and any replies shall be filed on or before **October 2, 2014**. With the exception of these modified deadlines, the parties' briefing of dispositive motions will be governed by the Court's previous Order [Doc. 227].

**IT IS SO ORDERED.**

    ENTER:

    /s H. Bruce Guyton
    United States Magistrate Judge