# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## IN KNOXVILLE

| | |
|---|---|
| AMERICA'S COLLECTIBLES NETWORK, INC., d/b/a JEWELRY TELEVISION®, | ) ) ) |
| | ) Civil Action No.: 3:09-CV-143 |
| Plaintiff, | ) McDonough/Guyton |
| | ) |
| v. | ) |
| | ) |
| STERLING COMMERCE (AMERICA), INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## AGREED FINAL PRETRIAL ORDER

This Court conducted a Final Pretrial Conference pursuant to Rule 16 of the Federal Rules of Civil procedure on April 24, 2017. Jim Wetwiska, Holli Pryor-Baze, David J. Shapiro and Ed Shipe appeared as counsel for Plaintiff America's Collectibles Network, Inc., doing business as Jewelry Television® ("JTV") and R. Paul Yetter, Joel D. Bush, II, and W. Kyle Carpenter appeared as counsel for Defendant Sterling Commerce (America), Inc. ("Sterling"). The following action was taken:

## I. Jurisdiction

JTV alleges causes of action against Sterling for fraud in the inducement, promissory fraud, negligent misrepresentation, breach of contracts, and breach of express warranties. By way of a counterclaim, Sterling alleges causes of action against JTV for breach of contract and breach of the implied covenant of good faith and fair dealing. Original jurisdiction for JTV's claims is 28 U.S.C. § 1332 based upon complete diversity of the parties and an amount in controversy exceeding $75,000. Personal and subject matter jurisdiction are not disputed.

## II. **Pleadings**

The pleadings, as amended, are hereby amended to conform to the pretrial order, without waiver of Sterling's right to object to evidence or claims as being outside of JTV's pleadings and prior disclosures, as specified further below. JTV objects to the inclusion by Sterling of the phrase "without waiver of Sterling's right to object to evidence or claims as being outside of JTV's pleadings and prior disclosures" because it defeats the purpose of a pre-trial order whose goal should be, among others, to make sure that the pre-trial order "supplants the pleadings."[1] JTV has no objection to language which makes clear that both parties reserve the right to object to evidence which was not requested and not disclosed to the other party in discovery, except to the extent herein provided.

Sterling originally requested that JTV identify specific alleged misrepresentations and contract breaches by Sterling that JTV intended to pursue at trial. It is JTV's position that the level of specificity requested by Sterling is unnecessary for a Pre-Trial Order in this Court or in the Sixth Circuit and that it is an attempt by Sterling to unfairly prejudice JTV by restricting JTV's submissions of proof. Moreover, the Sample Agreed Final Pretrial Order for this Court,[2] specifically instructs parties to "Set out a ***concise*** summary without detail" (emphasis in original). Per the requirements of this Court, the "General Nature of the Claims of" JTV and the "Theory" of its case is set forth below in Section III.[3]

---

[1] *See, e.g.,* Sample Final Pretrial Order of U.S. District Judge Harry S. Mattice, Jr.; Sample Notice of Final Pretrial of Senior U.S. District Judge Curtis L. Collier; Sample Final Pretrial Order of U.S. Magistrate Judge Susan K. Lee.
[2] http://www.tned.uscourts.gov/docs/judges/mcdonough_order.pdf.
[3] However, in the spirit of cooperation, in order to address Sterling's concerns, and without waiving any of the foregoing or its right to present evidence in support of its claims, JTV sets forth below the categories of fraud and breaches of contract committed by Sterling.

2

## III. <u>General Nature of the Claims of the Parties:</u>

      **a.**    **Claims:** The following claims (including claims stated in the complaint, counterclaims, crossclaims, third-party claims, etc.) have been filed and not disposed of through motion practice. This is not an admission that the claims should be decided by the jury rather than disposed of as a matter of law by the Court at the appropriate time:

**For Plaintiff:**

    *i.*    *Fraud in the Inducement*

    *ii.*    *Promissory Fraud*

    *iii.*    *Negligent Misrepresentation*

    *iv.*    *Breach of Contract (the Agreements)*

    *v.*    *Breach of Express Warranties*

**For Defendant/Counter-Plaintiff:**

    *i.*    *Breach of Contract (the Agreements)*

    *ii.*    *Breach of the Duty of Good Faith and Fair Dealing*

      **b.**    **Stipulated Facts:** A list of uncontroverted facts are attached hereto as Exhibit A. The Parties are continuing to work in good faith on stipulating to the dates of the execution and the dates of their contracts.

      **c.**    **Plaintiff's Theory:** This action arises from the fraudulent and negligent conduct of Sterling, a software developer, systems integrator and implementer, in connection with the sale of Sterling's software and services and the failed installation of Sterling's software to run JTV's business operations. JTV, a television and Internet seller of jewelry and gemstones, is dependent upon well-functioning computer and software technology to run its business. Between 2005 and 2007, JTV investigated options for licensing software to improve its computer

3

and software technologies for warehouse management, order management, and purchase order systems, and having that software implemented by a software implementation vendor.

To gain JTV's business, Sterling fraudulently induced JTV into licensing its purportedly advanced SOA and interoperational warehouse management, order management, and purchase order system software, and retaining it to implement those systems, using material representations of fact it knew to be false, omissions and concealment of material facts, and promises which it knew it could not perform at the time they were made, all of which JTV reasonably relied upon. Sterling continued the fraud throughout the project by making misrepresentations of material facts and omitting and concealing material facts, making promises as to future conduct which it knew it could not perform at the time they were made, and then failed in the implementation of the software. JTV paid Sterling approximately $5.5 million for these software systems and its implementation services. Sterling's conduct as described above amounts to fraud, misrepresentation, breaches of contract, and breaches of express warranties.

As a result of Sterling's misconduct that resulted in the failed implementation and Sterling's abandonment of the project, JTV incurred damages arising from Sterling's misconduct, including out of pocket and internal costs associated with the failed project, mitigation costs, lost profits and benefit of bargain recovery, including the monetary benefits lost as a result of the project failure, and the loss of benefits from other projects delayed because of the failure, all in an amount in excess of $65 million. Further, Sterling's actions were intentional, fraudulent, malicious, and/or reckless so that JTV should be awarded punitive damages.

In its decision denying Sterling's motion for summary judgment on JTV's fraud claim, the Court wrote that, "Tennessee courts agree that intentionally creating false impressions of

ability can constitute statements of existing fact to support a fraud claim." [Dkt. # 419 at 26.] In Tennessee, a defendant can "subject himself to liability for intentionally or fraudulently creating 'impressions' designed to mislead." *Id.* As set forth above, and without waiving JTV's right to present all evidence in support its claims, Sterling committed fraud in the inducement, fraud, and promissory fraud when it (i) made misrepresentations of material facts and omitted material facts about its products and services and what its products and services could do for JTV's business; and (ii) made promises as to future conduct which it knew it could not perform at the time they were made. These misrepresentations, omissions and promises intentionally created the false impression that Sterling's products and services had the ability to provide JTV with the functionality, systems and "Solution" that could run JTV's business, give it the tools to grow its business and weather an economic storm. Defendant's misrepresentations include, among others:

1. Sterling's nWMS, OMS and PO software was a good fit for JTV.

2. Sterling's proposed Solution (i.e., the implementation of nWMS, OMS and PO) for JTV was a good fit for JTV.

3. OMS, PO and nWMS, without significant modifications, could run JTV's business.

4. Sterling's proposed Solution for JTV, without significant modifications, could run JTV's business.

5. Sterling had sufficient knowledge, experience and expertise to understand JTV's unique business requirements and to implement a successful, on-time and on-budget project.

5

6. OMS, PO and nWMS, without significant modifications, could provide the specific functionalities set forth in Exhibit B to the Initial Expert Report of Tom Ryan.[4]

7. Sterling's nWMS, OMS and PO were "highly interoperable," the modules could "seamlessly integrate" with JTV's legacy system and "extensibility" was straightforward, all consistent with a "packaged" solution.

8. Sterling's nWMS, OMS and PO modules and the Yantra Platform were "integrated," "pre-integrated," "coherently integrated," and the modules would "all work together."

9. Sterling's products were based on an advanced Service-Oriented Architecture which would, among other things, not require a great deal of work by JTV to make procedures, data exchange and seamless functionality occur.

10. Sterling misrepresented its ability to implement all three parts of its "solution" (nWMS, OMS and PO) in approximately the same timeframe as it could implement nWMS alone.

11. Sterling falsely represented that it had the products, capability and resources to implement a fully designed and developed Solution at JTV for approximately $2 million that conforms to JTV's business practices and processes and which is technically feasible within the framework of JTV's hardware and software systems with a 'go live' of April 15, 2008 but, in any event, no later than June 15, 2008.

_____

[4] "JTV's Observations of Functionalities not Provided by the Sterling Software."

12. Sterling misrepresented the degree and complexity of interfaces required for the project.

13. Sterling misrepresented the amount of work that JTV would have to do to make the project a success.

14. Sterling failed to disclose that nWMS was an immature product.

15. Following the Solution Design phase, Sterling misrepresented the status of the project, that it was ready to proceed to implementation, and that Sterling was ready, willing and able to achieve a successful, on time and on budget implementation.

16. Sterling failed to disclose the significant problems with the nWMS product and code that was bringing QVC to its knees.

17. Sterling failed to disclose that the OMS SDD, as delivered by Sterling, was "garbage" and "just JTV's wish lists with very little thought into how we (Sterling) meet the (JTV) requirements."

18. Sterling falsely represented that its products had "out-of-the-box" functionality that was essential to running JTV's business.

19. Sterling had available staff and outside consultants with the necessary experience and skill set to seamlessly implement nWMS, OMS and PO on time and on budget, including a large global delivery center of over 600 employees that it could pull from; and Sterling's "highly skilled resources, products and services" would allow for a single source provider to meet JTV's needs.

20. Sterling Commerce "[had expertise] in its software, . . . experience in implementing similar solutions in other companies, and . . . ability to customize

7

the Sterling Commerce software to meet the requirements as defined in the Solution Definition document."

21. Sterling had successfully implemented nWMS, OMS and PO together (i.e., simultaneously and in parallel) at other companies.

22. The Solution could be implemented in 6 months and 10 days but, in any event "no later than June 15, 2008" (i.e., within 8 months and 10 days).

23. "The estimated amount budgeted for the implementation of the Sterling Commerce Solutions for WMS, OMS and PO . . . and the Services to be provided by Sterling Commerce [approximately $2 million], will be sufficient to enable the Solutions to be fully designed, developed and implemented at [JTV]."

24. There would be no adverse effect on the resources Sterling will devote to JTV's project if JTV licenses OMS and PO, and Sterling will "Ensure the right resources are available to meet [JTV's] Demand."

25. Sterling would provide "consistent project leadership, architecture expertise and business/systems analysis" and "Consistency of Resources."

26. Sterling had the personnel available for critical on-site work at JTV to evaluate, design, and implement the project on Sterling's behalf.

27. Sterling had access to outside consultants of sufficient competence, experience and expertise to complete the project successfully.

28. Sterling had the technical expertise on-site to evaluate JTV's systems and design a "solution" that would meet JTV's "end to end" needs.

8

29. Sterling had the ability to write requirements into a "solution definition document" sufficient to allow implementation to be successful, on-time and on-budget.

30. Sterling was skilled in blending its project planning and implementation methodology of "Rapid Returns" with JTV's agile processes, and employed "field tested best practices" in managing projects.

31. Sterling would "Assign the Sterling Commerce resources necessary for a successful project"; and "Ensure deliverables are completed on time."

32. Sterling would provide a Solution Architect who "ensures the overall quality of the design and implementation" and he, she or they will, among other things, "Provide product and technical expertise" and "Quality control the implementation."

In addition, JTV claims that Sterling has breached numerous provisions of the parties' Agreements by failing to deliver project deliverables, failing to implement a fully designed and developed Solution conforming to JTV's business processes, and failing to implement a Solution on time and on budget. Although too numerous to set forth herein, the following are examples of Sterling's material breaches, among others, of the parties' Agreements:

1. Failure to deliver a functional fit analysis in breach of Section G of the Pre-Project Planning Statement of Work, Change Request Form 001;

2. Failure to deliver a Solution Definition audit to assess the soundness of the design, implementation plan and approach, and help identify areas of risk in breach of Sections A(22) and C(3) of the Solution Definition Phase Statement of Work;

9

3. Failure to properly design, configure, build, test and deploy the OMS, nWMS, and PO Solution based on Solution Definition Documents in breach of Section A of the Implementation Phase Statement of Work;

4. Failure to create detailed design plans for Sterling custom extensions as identified in Section A(3) of the Implementation Phase Statement of Work;

5. Failure to conduct a Build & Test audit, Performance Results Audit and a Go-Live Readiness report in breach of Section A(12) of the Implementation Phase Statement of Work;

6. Failure to deliver complete and accurate Detailed Design documentation for the OMS, nWMS, and PO Solution in breach of Section C of the Implementation Phase Statement of Work;

7. Failure to deliver the OMS, nWMS, and PO Solution, per the Solution Definition Documents, unit-tested and ready for system, performance and user acceptance tests in breach of Section C of the Implementation Phase Statement of Work;

8. Failure to provide personnel in conformance with project needs and as outlined in Section F of the Implementation Phase Statement of work;

9. Failure to implement a fully designed and developed WMS, OMS, and PO Solution for the amount estimated by Sterling in breach of Section H of the Implementation Phase Statement of Work;

10. Failure to design, develop, and implement the nWMS, OMS, and PO Solution to conform to JTV's business practices and processes as reflected in the Solution Definition Document in breach of Section H of the Implementation Phase Statement of Work;

10

11. Failure to complete all design, development and testing of the Solution so that the Solution was ready to go live within budget by April 15, 2008 and no later than June 15, 2008 in breach of Section H of the Implementation Phase Statement of Work; and,

12. Failure to perform services in a professional and workmanlike manner in breach of Section 8(a) of the Professional Services Agreement.

JTV further notes that Sterling has failed to identify the specific contract terms at issue in its breach of contract counterclaims.

     **d.**     **Defendant/Counter-Plaintiff's Theory:**  Sterling developed, licensed, and implemented computer software systems, which it licensed to its customers. It also provided consulting services, working with customers to configure their new software for their business needs. In 2006, JTV decided to license Sterling's warehouse software. Over the next year, JTV also decided to license other Sterling software and to engage Sterling for implementation services. The parties entered into a series of contracts during this period. At no point did Sterling intend to mislead JTV, which understood the software and implementation plans. While it had initial employee turnover, Sterling committed substantial resources to the JTV project. At JTV's request, the project was delayed and narrowed in scope. As amended, the project was completed in September 2008, and JTV continues to use the Sterling software today. Sterling was willing to finish the rest of the project, but JTV ended the parties' discussions and cut short the work. JTV filed suit without trying to work through the dispute, and its claims are without merit for many reasons. Sterling's statements at the time were true, and JTV understood the nature of the project and software. JTV had ample opportunity to investigate before signing the parties' agreements. Sterling did not breach the contracts by completing the project in the time and scope that JTV

11

requested. JTV's decisions on the project were for reasons unrelated to Sterling's performance. JTV seeks damages that are speculative, not reasonably foreseeable, inconsistent, legally impermissible and factually unwarranted, and not caused by Sterling. Sterling is asserting the affirmative defenses of waiver, estoppel, ratification, failure to mitigate, and contractual limitation of liability.

Lastly, JTV failed to pay for Sterling's services, Sterling's expenses, and taxes under the contracts (*see, e.g.*, D-0028 §§ 2(a), 3(a); D-0234 §§ 2(a), 3(a)), for which Sterling is entitled to recover the amounts owing plus interest and attorney fees, and JTV failed to meet other contract duties as previously pleaded by Sterling, such as those set forth in D-0158 § 2(c); D-0234 § 4(b); D-0327 § 2(c); D-0331 §§ B, E; and D-0001 §§ B, E.

### e. Counter-Defendant's Theory Responsive to Counterclaims:

Until the last draft, Sterling had not identified in the pre-trial order either the contract provisions under which it claims recovery or the services for which it claims recovery. Accordingly, of necessity, the Counter-Defendant's Theories responsive to the Counterclaims must be as specified in the Answer to Counterclaims. JTV's theory is that: (i) Sterling fraudulently induced JTV to enter into the contracts, thereby rendering the terms of the contracts voidable; (ii) Sterling materially breached the contracts, thereby excusing further performance by JTV; (iii) some or all the amounts claimed are not payable under the contracts, even in the absence of fraud or breach by Sterling; and (iv) JTV incorporates by reference affirmative and specific defenses set forth in JTV's Answer to Sterling's Counter-claims (Dkt. 61).

12

## IV. Contested Issues of Law

### For Plaintiff

All contested issues of law were resolved by the Court's decision on the parties' motions for summary judgment. (Dkt. # 419) It is JTV's position that the issues of law set forth below by Defendant are not contested issues of law; they are contested issues of fact and Item No. 3 assumes facts not in evidence and allegations of facts that will not be proven at trial (i.e., there was no April 2008 modification of the Implementation SOW).

JTV further asserts that Item Nos. 2 (ratification), 4 (limitation of liability), 5 (rescission), 6 (modification), and 14 (abrogation of express warranties under Ohio common law) are not proper contested issues of fact because Sterling did not assert them as affirmative defenses in its Answer [Dkt. # 55]. JTV further asserts that Item Nos. 4 (contractual limitation of recovery) and 11 (contractual limitation of recovery) are not contested issues of law because the Court held, in its decision on the motions for summary judgment, that if fraudulent inducement is proven, the contract's terms cannot limit JTV's recovery. JTV further asserts that Item No. 12 is not a contested issue of law because JTV is not obligated to identify specific contract terms at issue and to state its construction of that language; rather, it is the jury's job to determine if Sterling breached the JTV/Sterling contracts as asserted at trial. JTV also asserts that Item No. 15 is not a contested issue of law; pursuant to Section 2(b) of the Scheduling Order, all motions to exclude expert testimony pursuant to Fed. R. Evid. 702 had to have been filed no later than January 24, 2017, and Item No. 15 seeks to exclude categories of damages upon which JTV's expert witness will testify at trial. JTV also asserts that Item No. 17 is not a contested issue of law but is, rather (as so found by the Court (Dkt. #52 at 11; Dkt. # 419 at 46-47)), an election of remedies issue.

13

**For Defendant**

1.      Whether as a matter of law JTV waived its claims of fraud by continuing to perform under the parties' contracts after it learned of the purported fraud in early 2008.

2.      Whether as a matter of law JTV ratified the contracts after learning of the purported fraud.

3.      Whether as a matter of law JTV waived its fraud claims by agreeing to and then performing in accordance with the April 2008 modification of the Implementation SOW.

4.      Whether as a matter of law the Limitation of Liability provisions in the Universal Software License Agreement and Professional Services Agreement limit any recovery by JTV.

5.      Whether as a matter of law JTV's fraud claims are barred by its failure to rescind the parties' agreements or attempt to return the software and related documentation.

6.      Whether as a matter of law the parties modified the Implementation SOW.

7.      Whether as a matter of law JTV waived full performance of the Implementation SOW.

8.      Whether JTV is estopped from asserting that Sterling breached the October 2007 Implementation Phase SOW by not completing the implementation of WMS / OMS / PO by June 15, 2008 on the grounds that JTV unilaterally changed the scope and timing of the implementation before the proposed June 15, 2008 go live date.

9.      Whether as a matter of law any representation upon which JTV seeks to recover is a generic statement of quality or ability.

10.      Whether as a matter of law any representation upon which JTV seek to recover is sales talk or puffery.

14

11.     Whether as a matter of law JTV's claims and damages are barred by the merger and non-reliance provisions in the Universal Software License Agreement and Professional Services Agreement.

12.     What as a matter of law is the proper interpretation of each contract provision at issue.

13.     Whether as a matter of law JTV prevented Sterling from performing any contract obligations.

14.     Whether as a matter of law JTV's express warranty claim is viable because Ohio has abrogated such claims under common law, and JTV failed to plead a statutory cause of action.

15.     Whether JTV's damages are legally recoverable, including whether its claim for lost cost savings is a recoverable category of lost profits.

16.     Whether as a matter of law JTV can recover on a breach of contract claim for which it fails to produce evidence of damages attributable to that specific breach.

17.     Whether as a matter of law JTV can seek rescission of the contract plus the benefits of the contract.

18.     Whether as a matter of law JTV's claim for negligent misrepresentation is barred by ratification, waiver, or equitable estoppel.

## V. Exhibits

The parties have exchanged exhibit lists in accordance with the Scheduling Order and Rule 26(a)(3)(A)(iii).  (Dkt. ## 656, 658.)  The Parties exchanged shortened exhibit lists to decrease the number of exhibits and shorten the number of deposition designations on April 7; they exchanged summary and compilation exhibits on April 12; objections to exhibits were

exchanged on April 15; and counter deposition designations were exchanged by April 18. Both parties reserve the right to object to a reasonable number exhibits which were not yet identified by either party. The Parties' Joint Exhibit List was submitted to the Court on April 18. *Id.*, ¶ 7 (as amended by Stipulation, Dkt. ## 678, 685). The Parties have exchanged objections to admissibility of listed exhibits, and discussion is ongoing. Plaintiff objected to 9 of Defendant's exhibits. Defendant objected to 233 of Plaintiff's exhibits. Counsel are working together pursuant to Plaintiff's efforts to greatly reduce that number of objections. To the extent this is not resolved before the pretrial conference, Plaintiff will be seeking relief from the Court. All Joint Trial Exhibits to be introduced have been pre-marked in such a way as to allow the Court to determine which party is offering them. As of now, objections are pending to the admissibility of the following exhibits:

    a.    Attached as Exhibit B is a list of JTV's core exhibits objected to by Sterling and JTV's responses.

    b.    Attached as Exhibit C is a list of Sterling's core exhibits objected to by JTV.

## VI.  Witnesses

The parties disclosed all witnesses in accordance with Fed. R. Civ. P. 26(a)(3)(A) [Dkt. ## 634, 635], except that JTV failed to disclose its intent to call an unnamed "corporate representative" of Sterling to testify at trial about any specific topics (as to which Sterling objects below). JTV asserts that its failure to list a corporate representative on its witness list was a result of an inadvertent error which was recognized when new counsel were retained and JTV respectfully submits that there would be no prejudice if a Sterling corporate representative was compelled to testify on behalf of the corporation at trial. JTV intends to file a motion pursuant to Section 1(c) of the Court's Scheduling Order [Dkt. # 415] seeking permission to add a Rule

16

30(b)(6) witness for designated topics on its Witness List. A list comprised of the names of all witnesses, their addresses and telephone numbers is as follows:

     **a.**     **For Plaintiff:**

     **i.**     Plaintiff expects to present the following witnesses**:**

     A.     Fact witnesses presented in person: Bob Hall, Chris Meystrik, Wayne Lambert, Jason Hembree, George Willard, Clay Davis, Tom Guschke, Mary Regan, Stephanie Rowan, Joseph Pendergrass, Tim Matthews, Randy Puryear all c/o David Shapiro, The Law Offices of David J. Shapiro, P.C., 43 West 43rd Street, Suite 45, New York, New York 10036, (212) 709-8047; and Felton Lewis, c/o Stephen Harold Byrd, Law Office of Stephen H. Byrd, 11704 Black Powder Drive Knoxville, Tennessee 37934-4720.

     B.     Retained experts presented in person: Tom Ryan, Scott Bayley, Bob Schatz, Zaydoon Jawadi, all c/o David Shapiro, The Law Offices of David J. Shapiro, P.C., 43 West 43rd Street, Suite 45, New York, New York 10036, (212) 709-8047.

     C.     Plaintiff also expects to call Sterling corporate representative with knowledge of the following: (1) the representations made to JTV with regard to the software and Sterling's implementation and services; (2) the business case prepared under the pre-planning phase; (3) the identification and description of other Sterling customers for which Sterling implemented nWMS, PO and OMS prior to or simultaneous to the JTV project; (4) Sterling's net worth; and (5) interoperability of nWMS, OMS and PO as of June 1, 2007, including all tests of interoperability.

     D.     Plaintiff may call the following witnesses: David Boeschenstein, Natalie Parman, Chris West, Greg West, Clint James, Shannon Meade, Brad Waller, Steven Walsh, Denny Becker, Crawford Wagner, Dustin Cole, Lisa Cornelius, Chris

17

Jepeway, Ryan McClurkin, Waleed Nour, Andy Meadows, Chris Redman, Lisa Tennant, and Kathy Willard, all c/o David Shapiro, The Law Offices of David J. Shapiro, P.C., 43 West 43rd Street, Suite 45, New York, New York 10036, (212) 709-8047.

       E.     Plaintiff may also call the following witnesses: all witnesses listed by Sterling in Doc. 635; J.T. Thome, Cellular Sales, 9040 Executive Park Drive, Knoxville, Tennessee 37923-4607, (865) 584 7555; Joe Fields, 3926 Logan's Landing Circle, Louisville, Tennessee 37777; Thomas Hays, NHB Advisors, Inc., 822 Montgomery Ave. Suite 204, Narberth, Pennsylvania 19072 (610) 660-0060; and Felton Lewis, c/o Stephen Harold Byrd, Law Office of Stephen H. Byrd, 11704 Black Powder Drive Knoxville, Tennessee 37934-4720.

       F.     Plaintiff expects to call the following witnesses by deposition: David Boeschenstein, Felton Lewis, Gary Giannoni, Guy Read, Janet Scanzio, Kerstin Smith, Louis Burgin, Madhaven Madhu, Mark Anderson, Richard Jackson, Sumit Singh, Subroto Majumdar and John Sullivan. Plaintiff's Deposition Designations are as specified in Doc. 657.

       G.     JTV reserves the right to examine any witnesses called to testify by Sterling, call any witness listed on Sterling's initial trial witness list, narrow its list of trial witnesses consistent with the Court's ruling concerning the allotment of time for trial, and call witnesses solely for rebuttal purposes should the need arise.

       H.     JTV corrects Sterling's statement in Section b.i. below. Lambert, Thome and Nour are former JTV employees. Nour was never a JTV executive. JTV believes that Lambert will voluntarily appear at trial in Chattanooga but JTV makes no representation regarding Thome and Nour. JTV also objects to section b.ii. below to the extent

18

Sterling expects to present Joseph Fields, Andrew Meadows and Waleed Nour by deposition. None of the deponents are now or were at the time their depositions were taken a JTV "officer, director, managing agent, or designee" under Rule 30(b)(6) or 31(a)(4). Likewise, they are not unavailable witnesses under Rule 32(a)(4). Accordingly, under Rule 32, their testimony cannot be presented by deposition.

> **b.** **For Defendant**

i.       Sterling expects to present the following witnesses in person: Mark Anderson, Suzanne Cantu, Bob Hall, Ben Janowski, Leon Kappelman, Evan Kovanis, Wayne Lambert, Subroto Majumdar, Waleed Nour, Charles Phillips, Randy Puryear, Guy Read, Warren Reid, Janice Scanzio, J.T. Thome, Charles Wagner, and Cory Wiegert, all c/o Kyle Carpenter, Woolf, McClane, Bright, Allen & Carpenter, PLLC, 900 S. Gay Street, #900, Knoxville, Tennessee 37902, (865) 215-1000, except for Mssrs. Hall, Lambert, Puryear, Thome, Nour, and Wagner, who are or were JTV employees, c/o David Shapiro, The Law Offices of David J. Shapiro, P.C., 43 West 43rd Street, Suite 45, New York, New York 10036, (212) 709-8047.

ii.      Sterling expects to present the following witnesses by deposition (unless the need arises to call them live): David Boeschenstein, Allen Carpenter, Joseph Fields, Gary Giannoni, Steve Gordon, Felton Lewis, Andrew Meadows, Waleed Nour, and Gregory West;

iii.     Sterling may call the following witnesses by deposition or in person should the need arise: Louis Burgin, Tabish Hashmi, Richard Jackson, Suresh Pillai, Danilo Rodriguez, Sumit Singh, Kerstin Smith, John Stelzer, and Phil Tympanick, all c/o Kyle Carpenter, Woolf, McClane, Bright, Allen & Carpenter, PLLC, 900 S. Gay Street, #900, Knoxville, Tennessee 37902, (865) 215-1000;

iv.    Sterling reserves the right to examine any witnesses called to testify by JTV, call any witness listed on JTV's initial trial witness list, narrow its list of trial witnesses consistent with the Court's ruling concerning the allotment of time for trial, and call witnesses solely for rebuttal purposes should the need arise;

v.    Sterling objects to JTV's intention to call a "Sterling corporate representative" with knowledge of specified matters, including because the Rules do not entitle a party to force an opposing party to produce an unnamed corporate representative for testimony at trial, JTV failed to list a Sterling corporate representative on its trial witness list by the required deadline, the Rules protect fact witnesses from being compelled to attend trial outside the subpoena range of the court, it is too late for JTV to take discovery of a Sterling corporate representative at trial, and this tactic will prolong the trial proceedings.

## VII.  <u>Other Matters</u>

a.    **Trial**: This case is set for trial before the undersigned and a jury at 9:00 a.m. on May 9, 2017.  JTV intends and has made a demand for a jury trial.  Counsel shall be present on the first day before commencement of trial to take up any preliminary matters.  Pursuant to the Court's Order, each party is limited to 38.5 hours to present their respective side of the matter, including jury selection, opening statement, and closing argument.  Therefore, the probable length of trial is 14 days (assuming 5.5 hours of court time per day). The parties should be prepared for trial on the scheduled date.  If this case is not heard immediately, it will be held in line until the Court's schedule allows the trial to begin.

b.    **Possibility of Settlement**:  Based upon prior communications and Sterling's failure to date to make a settlement offer, JTV does not believe settlement is possible prior to trial, but JTV remains open to discussing a reasonable settlement prior to trial.  Sterling also

Case 3:09-cv-00143-TRM-HBG   Document 702   Filed 04/18/17   Page 20 of 54   PageID #: 25051

remains open to discussing a reasonable settlement prior to trial, and the preceding sentence is quite misleading and improperly reflects the parties' settlement discussions.

      **c.**    **Miscellaneous Matters**:

          **i. Joint:**

      1.    The parties have agreed to provide 24-hour advance notice of the identity and order of the witnesses they will call at trial. Sterling believes that 48-hour notice in this case is better and would result in more efficient trial proceedings, given the large number of identified potential witnesses.

      2.    The parties have agreed that demonstratives will be exchanged one day prior to their use in court, but open items include whether demonstratives can be used during the opening statement and remain visible to the jury during the trial.

          **ii. JTV:**

      1.    Sterling now asserts that the limitation of liability provision in the parties' USLA and Services Agreement is a contested issue of fact, indicating its intention to argue and elicit testimony from witnesses about the provision and its impact on the jury's determination of liability and damages at trial. JTV believes that this is improper as the Court previously ruled on the issue (Dkt. 316), prejudicial to JTV, and confusing and irrelevant to the jury's consideration of this case. JTV requests that the Court exclude any evidence, argument, or mention otherwise of the agreements' limitation of liability provisions and that the Court rule on this issue. JTV will submit further briefing on this issue prior to the Pretrial Conference.

      2.    Pursuant to Federal Rule of Civil Procedure 25(c), JTV intends to file a motion to substitute IBM as the proper party of interest because Sterling is a dissolved company and

operating as a division of IBM. JTV believes that substitution is proper and appropriate prior to the start of trial.

### iii. Sterling:

1. To streamline trial, the parties entered into a stipulation to make good faith efforts to reduce their deposition designations and exhibits. JTV has not reduced its original designation of 54,377 lines of deposition testimony (roughly 2175 deposition pages), which equates to 36.25 to 72.5 hours of video deposition testimony to be played by JTV, assuming 1-2 minutes per deposition page. Sterling respectfully invites the Court's guidance on narrowing the evidence for trial.

*JTV's Response:* Reduction in deposition designations will be addressed as time permits. In any event, JTV only designated Chris Meystrik, Robert Hall, Jason Hembree, Wayne Lambert, Tim Matthews, Joe Pendergrass, Randy Puryear "in the unlikely event" that one or more of the witnesses who were deposed are unable to testify at trial. That is the only time that any one of these witnesses will be called by deposition. Also, JTV expects to call Mary Regan and Felton Lewis at trial; it is unlikely that JTV will present their testimony by deposition. However, Plaintiff has no control over these witnesses. Finally, Plaintiff expects that important Sterling witnesses such as Gary Giannoni, Guy Read, Janice Scanzio, Kerstin Smith, Louis Burgin, Madhu Madhavan, Mark Anderson, Rich Jackson, Sumit Singh, and Subroto Majumdar will appear at trial, and those witnesses will therefore be cross-examined, rather than depositions used. .

2. To streamline voir dire, Sterling proposed the use of a short, jointly prepared supplemental jury questionnaire designed to elicit additional relevant background information

22

from the venire. JTV opposes the idea. Sterling respectfully requests the Court's view on the issue.

3.       JTV appears to be adding three new claims, to which Sterling objects.  First, JTV appears to be trying to add a claim of fraudulent omission or concealment, which is a new claim that is not in JTV's prior pleadings or disclosures. This is a separate cause of action from its two pleaded fraud claims (fraudulent inducement and promissory fraud), with elements such as a confidential or fiduciary relationship that also were not pleaded. JTV's pleaded claims of promissory fraud and fraudulent inducement do not permit recovery for omission or concealment. Second, JTV seems to be making a new claim that Sterling's conduct was "intentional, . . . malicious, and/or reckless," which is not in JTV's prior pleadings.  Third, JTV now argues that QVC evidence is relevant and admissible to show a "product defect within the core . . . of [the] nWMS" software that was deployed at JTV.  *See* Dkt. #682, at 8; *see also id.* at 1 (alleging that "Sterling's defective software . . . caused JTV's damages").  JTV's prior pleadings do not allege that Sterling's software was defective.  Sterling objects to all new claims, as they are not proper to assert at this late date, were waived by failure to timely plead them, unfairly surprise and prejudice Sterling, will complicate the trial, and should not be permitted.

*JTV's Response*:  The allegations identified by Sterling in Paragraph 3 are not new causes of action by JTV.  In its 55-page Second Amended Complaint, JTV provides more than fair notice of its claims in detailed factual and legal allegations.  First, fraudulent inducement under Tennessee law includes both misrepresentations and omissions.  Failure to disclose a known fact that justifiably induces another to act or refrain from acting in a business transaction is subject to the same liability as a misrepresentation of the nonexistence of the matter that a party failed to disclose. *Homestead Grp., LLC v. Bank of Tenn.,* 307 S.W.3d 746,

23

751 (Tenn. Ct. App. 2009). JTV specifically pled Sterling's failure to disclose in Count One (Fraud in the Inducement) of its Second Amended Complaint, which expressly includes both Sterling's numerous misrepresentations of material facts and failure to disclose material facts to JTV. Dkt. 32(JTV's Second Amended Complaint), ¶¶116, 119. JTV further addressed Sterling's omissions and concealments in its summary judgment briefing (e.g. Dkt. 316, pp. 3, 10, 11, 14, 15, 44, 45), which the Court acknowledged in its summary judgment opinion. (Dkt. 419 (Memorandum Order), p. 23 (stating that JTV identified hundreds of specific statements and omissions in its summary judgment evidence to support its fraud cause of action). Further, a duty to disclose not only arises in a confidential or fiduciary relationship, but also where it appears a party to a contract reposes trust and confidence in the other party. *See Homestead Group,* at 751-52. This is precisely the nature of the relationship between Sterling, who claimed to be an expert in designing and implementing its software, and JTV, who required properly functioning software to run its business and relied on Sterling's claimed experience and expertise for successful configuration, design, and implementation of the Sterling's software. E.g. Dkt. 32, ¶¶ 2, 10, 41, 53, 56.

Second, JTV's Second Amended Complaint clearly states that Sterling acted intentionally and recklessly and that JTV seeks punitive damages against Sterling for its wrongful conduct. E.g. Dkt. 32, ¶¶ 5, 39 (stating that Sterling made misrepresentations with intent), 120 (stating that Sterling "knew, or was reckless in failing to know," that its statements were false), 122 (stating Sterling made intentional misrepresentations), 124 (stating that Sterling's actions were committed "knowingly, willfully, and in conscious disregard of the rights of JTV"), 127(stating Sterling made intentional misrepresentations), 131 (stating that Sterling's actions were committed "knowingly, willfully, and in conscious disregard of the rights of JTV), Prayer. To

24

award punitive damages under Tennessee law, the jury must find that JTV has shown by clear and convincing evidence that Sterling acted either intentionally, recklessly, maliciously or fraudulently. *Hodges v. S.C. Tool & Co.*, 833 S.W.2d 896 (Tenn. 1992) (setting forth standard for punitive damages). No further pleading was necessary to put Sterling on notice that JTV was alleging such behavior by seeking punitive damages for its wrongful conduct.

Third, JTV is not making a new claim for a defective product; since the filing of this lawsuit, JTV has claimed that Sterling made numerous misrepresentations about the quality and functionality of its software sold to JTV. E.g. Dkt 32, ¶¶ 2 (stating that Sterling made false representations that its software was "highly integrated"), 15 (stating that Sterling advertised its PO software as capable of the aggregation, routing and tracking of planned orders), 119 (stating that Sterling misrepresented the "highly integrated nature of WMS, OMS, and PO"), 170 (stating that Sterling made warranties as to the quality of the software, including regarding "the highly integrated nature of the software and the ability of that software to seamlessly integrate with JTV's legacy system"). Saying that Sterling's software is defective is another way to articulate that Sterling's software was not of the quality and functionality represented by Sterling and could not meet JTV's business needs. This is clearly part of JTV's fraudulent inducement, promissory fraud, and negligent misrepresentations causes of action.

This Final Pretrial Order shall supplant the pleadings and is agreed upon by the parties as of April 18, 2017, Fed. R. Civ. P. 16; *see U.S. v. Hougham*, 364 U.S. 310, 315 (1960); *see also Ricker v. Am. Zinser Corp.*, 506 F. Supp. 1 (E.D. Tenn. Sept. 11, 1978), aff'd, 633 F.2d 218 (6th Cir. 1980), without waiver of Sterling's right to object to specific evidence or claims as being outside of JTV's pleadings and prior disclosures.

**SO ORDERED.**

_____
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

**APPROVED AS TO FORM AS**
**SUBSTANCE:**

## Exhibit A

## Joint Stipulated Facts for Pre-Trial Order

1. During the licensing and implementation of Sterling Commerce's products, JTV operated as a television shopping and internet network that markets brand name and private label products directly to its customers with its primary product lines being jewelry products, loose gem stone products and accessories. JTV's business also included both direct sales and consignment sales.

2. Sterling Software was formed in 1975 and began operations by licensing Electronic Data Interchange (EDI) software. Through an initial public offering in March 1996, Sterling Commerce came into existence as a result of a spin off from Sterling Software and Sterling Commerce was incorporated in Ohio.

3. SBC Communications acquired Sterling Commerce in March 2000 and on November 18, 2005, SBC Communications Inc. completed its acquisition of AT&T Corp and adopted AT&T as its name.

4. Yantra was formed in or around 1995.

5. JTV retained Keogh Consulting in or around April 2005 to advise about JTV's proposed upgrades for the legacy software systems that handled JTV's warehouse functions.

6. In early 2006, JTV, in collaboration with Keogh Consulting, solicited proposals for warehouse management software (WMS) from various software vendors.

7. In or around September 2006, Keogh Consulting – on behalf of JTV – submitted the RFP to Sterling for a WMS system.

8. In 2006, Sterling Commerce represented that it had the industry's only "built-from-the-ground-up, service-oriented architecture."

9. Sterling's RFP response included several household names of other Sterling customers.

10. In June 2007, Bob White was assigned as Project Manager.

11. Sterling was aware that JTV would be using a Scrum/Agile Methodology on the JTV Project.

Exhibit B
(List of JTV's core exhibits objected to by Sterling and JTV's responses)

ii

| Plaintiff's Ex. No. | Plaintiff's Description | Bates Range | Defendant's Objection(s) | Admitted | Denied | JTV Position on Sterling's Objection |
|---|---|---|---|---|---|---|
| P-0023 | Email RE: updated proposals pricing summary attaching WMS Proposals - Executive Summary 2006-10-23.xls | JTV-SC000171464 to -1473 | Optional completeness. FRE 106. Published only -464. | | | Agreed. JTV will publish -464 |
| P-0067 | Email re: JTV five year workloads and WMS project template | JTV-SC000174543 to -4544 | Irrelevant, FRE 402. | | | Relevant - goes to JTV's need for a WMS system |
| P-0073 | "Wayne's World" Newsletter | JTV-SC000177477 to -7482 | Optional completeness. FRE 106 unless cover email included | | | Not aware of a cover email with this newsletter; please provide. |
| P-0086 | Jewelry Television: CC Leadership Meeting" .ppt dated 1/14/08 | JTV-SC000181323 to -1346 | Optional completeness. FRE 106 unless paired with P-0085 | | | Agreed. P-0085 is the cover email |
| P-0097 | Sterling OMS | JTV-SC000184457 to -4457 | Optional completeness. FRE 106. Two attachments missing. | | | Agreed. JTV will publish the two attachments. |
| P-0136 - P-0137 | Email re: Recovery Plan and Status Charts for 3pm Meeting 1/3/2008 attaching Presentation slides re: Jewelry Television OMS/WMS/PO Project Recovery Plan | JTV-SC000197407 to -7418 | Optional completeness. FRE 106. Two attachments missing. | | | Agreed. JTV will publish the two attachments. |
| P-0158 | Technology steering committee meeting, | JTV-SC000207907 to -7922 | Optional completeness. FRE 106 unless cover email included | | | Which cover email? |
| P-0162 - P-0163 | Email RE: FW: Latest Project Plan attaching Implementation_Phase_Integrated_Project_Plan R2.0 4Nov2007.mpp | JTV-SC000212337 to -2338 | Optional completeness. FRE 106. Attachment missing. | | | Agreed. JTV will publish the attachment. |
| P-0163, P-1487 | tkr v 041513.xlsx | JTV-SC000212338 to -2338 | Optional Completeness FRE106 and Misleading FRE 403 re: P- 0163 - native version was not published and FRE 106 -missing JTV-SC000212337 cover email; Authentication FRE 901 re: P-1487 MMP files. | | | JTV will publish the native version of P-0163. I don't understand the objection re Authentication re P-1487. |
| P-0259 | Memo from Bob Hall to all JTV Employees, dated 5/11/2007 | JTV-SC000389737 to -9739 | Optional completeness. FRE 106. Attachment missing. | | | Agreed. JTV will publish the attachment. |
| P-0330 | WMS Business Case Summary 2006.12.20 | JTV-SC000694267 to -4297 | Optional Complete FRE 106 - unless paired with cover email P 329 | | | P-329 attaches WMS Business Case 2006-1206. |
| P-0358 | Sterling's Response to JTV's RFP | JTV-SC000709251 to -9307 | Optional Completeness FRE 106 | | | What is missing? |
| P-0425 | Meystrik Depo Ex 01 | JTV-SC000789197 to -9256 | Irrelevant FRE 402 | | | Relevant - FRE 401(b); Loss of inventory not related to theft. |
| P-0463 | QVC error codes | JTV-SC000928700 to -8702 | Irrelevant, unfairly prejudicial. FRE 402, 403, see Defendant's Motion in Limine (No. 2) | | | This is not from the QVC Project. Revenat, FRE 401(b). Not covered by MIL No. 2. |

| P-0464 | Java Source Code File: "This software is the confidential and proprietary information of QVC." | JTV-SC000928868 to -8878 | Irrelevant, unfairly prejudicial. FRE 402, 403, see Defendant's Motion in Limine (No. 2) | | | This is not from the QVC Project. Relevant, FRE 401(b). |
|---|---|---|---|---|---|---|
| P-0466 | Email RE: RE: Sterling Meeting | JTV-SC000929679 to -9679 | Hearsay Within Hearsay FRE 805 | | | Statements showing the declarant's state of mind - FRE 803(3); business record.- FRE 803(6)(B) |
| P-0510 | IT Steering Committee Notes | JTV-SC000958130 to -8131 | Hearsay Within Hearsay FRE 805 | | | Business Record.- FRE 803(6)(B); Covered by Stipulation, Dkt. # 223. |
| P-0533 | email from Chris Meystrik to Todd Trivette, dated 7/16/08. | JTV-SC001030978 to -0979 | Irrelevant, unfairly prejudicial. FRE 402, 403, see Defendant's Motion in Limine (No. 2) | | | This is not from the QVC Project. Relevant, FRE 401(b). Not covered by MIL No. 2. |
| P-0535 | 07/28/2008 email from JTV's George Willard to Sterling's Suresh Pillai: "Please remove/rewrite/etc. references to QVC in accordance with any applicable copyrights from the . . . files" | JTV-SC001032473 to -2473 | Irrelevant, unfairly prejudicial. FRE 402, 403, see Defendant's Motion in Limine (No. 2) | | | This is not from the QVC Project. Relevant, FRE 401(b). Relevant, FRE 401(b). Not covered by MIL No. 2. |
| P-0553 - P-0559 | Implementation Phase sterling commerce Implementation Phase SOW | JTV-SC001156953 to -6994 | Optional Completeness FRE 106 - missing cover email JTV-SC001156423 | | | Can't locate JTV-SC001156423; it wouldn't be a cover email to JTV-SC001156953. There are many versions of the ISOW with cover emails. |
| P-0560 | 2008.07.22 Email re: April Report to Board, June Report to Board, May Report to Board, Report to the Board of Directors on Bank Financing attaching Report to the Board of Directors Regarding Status of Bank Loan; Dave Boeschenstein is leaving and | JTV-SC001157275 to -7301 | Optional Completeness FRE 106 - No attachments | | | Agreed. JTV will publish the attchments. |
| P-0568 - P-0569 | Stretch Pay Integration | JTV-SC001161235 to -1248 | P-0569 not published | | | We will publish the native. |
| P-0582 | Undated Planned Technology Roadmap with a Successful On-time Sterling Implementation | JTV-SC001327776 to -7777 | Hearsay, FRE 802. Authentication, FRE 901. Confusing, misleading, FRE 403 | | | Relevant - goes to JTV's damages. |
| P-0583 | Unndated Actual Technology Roadmap as a Result of the Failed Sterling Implementation | JTV-SC001327778 to -7779 | Hearsay, FRE 802. Authentication, FRE 901. Confusing, misleading, FRE 403 | | | Relevant - goes to JTV's damages. |
| P-0584 | JTV Employee Information Chart | JTV-SC001329636 to -9647 | Hearsay, FRE 802. Authentication, FRE 901. Confusing, misleading, FRE 403 | | | Relevant - goes to JTV's damages. |
| P-0585 | Ryan McClurkin Analysis | JTV-SC001329736 to -9746 | Hearsay, FRE 802. Authentication, FRE 901. Hearsay within hearsay, FRE 805 | | | Relevant - goes to JTV's damages. |
| P-0588 | Emai Subject: URGENT Question for Subroto | SCI0000440 to -0476 | Irrelevant, FRE 402 | | | "It is surprising that support has not been able to solve this issue yet." Relevant - 401(b) |
| P-0589 | Email RE: Tracking Risk associated with Partner approach | SCI0000548 to -0550 | Irrelevant, FRE 402 | | | Risk of partnering with Partner Development Team instead of GDC - Relevant - 401(b) |

| P-0590 | Unknown | SCI0000803 to -0804 | Hearsay within hearsay, FRE 805. | | | Business Record - FRE 803(6)(B); Covered by Stipulation, Dkt. # 223. |
|--------|---------|---------------------|----------------------------------|--|--|--|
| P-0592 | Email RE: Discuss Transition Plan from Subrato to Bob | SCI0000942 to -0945 | Hearsay within hearsay, FRE 805. | | | Business Record - FRE 803(6)(B); Covered by Stipulation, Dkt. # 223. |
| P-0597 | Kerstin Smith SCI PS Project Performance Evaluation | SCI0002117 to -2117 | Optional completeness. FRE 106 unless paired with P-0596 | | | Business Record - FRE 803(6)(B); Covered by Stipulation, Dkt. # 223. |
| P-0599 - P-0603 | Email RE: JTV documents attaching Jewelry TV - Services Estimate 11-13-06.doc | SCI0002720 to -2790 | Optional completeness.  FRE 106.  Attachment missing. | | | We will publish attachment. |
| P-0606 | open issues planning spreadsheet | SCI0003496 to -3497 | Optional Completeness FRE 106 - No attachment | | | Will publish attachment |
| P-0628 | Email RE: please provide feedback on this ASAP | SCI0010997 to -0999 | Hearsay within hearsay, FRE 805. | | | Business Record - FRE 803(6)(B); Covered by Stipulation, Dkt. # 223. |
| P-0630 | e-mail from Guy Read to Rich Jackson and Louis Burgin, dated 2/16/08 | SCI0011114 to -1114 | Optional completeness.  FRE 106.  Attachment missing. | | | We will publish attachment. |
| P-0632 | Email RE: questions regarding cart pick | SCI0011227 to -1237 | Irrelevant, unfairly prejudicial. FRE 402, 403, see Defendant's Motion in Limine (No. 2). Hearsay within hearsay, FRE 805 | | | This is not from the QVC Project.  Revenat, FRE 401(b).  Not covered by MIL No. 2. |
| P-0633 | email from Suresh Pillai to Mahal Yashpal, dated 1/18/08 | SCI0011244 to -1250 | Irrelevant, unfairly prejudicial. FRE 402, 403, see Defendant's Motion in Limine (No. 2). | | | This is not from the QVC Project.  Revenat, FRE 401(b).  Not covered by MIL No. 2. |
| P-0639 | Email RE: Concerns about JTV > WMS RF Login customization | SCI0013907 to -3975 | Irrelevant, unfairly prejudicial. FRE 402, 403, see Defendant's Motion in Limine (No. 2). | | | This is not from the QVC Project.  Revenat, FRE 401(b).  Not covered by MIL No. 2. |
| P-0644 | Email RE: Item Based Allocation Prototyping | SCI0015898 to -5902 | Optional completeness.  FRE 106.  Attachment missing. | | | We will publish attachment. |
| P-0656 | ("Guy, Yes. I agree with you that this thread [about whether JTV might be another QVC] looks very provocative. . . . | SCI0020444 to -0467 | Irrelevant, confusing, misleading, unfairly prejudicial. FRE 402; 403 re: QVC; See Motion in Limine No 2 | | | This is not from the QVC Project.  Revenat, FRE 401(b).  Not covered by MIL No. 2. |
| P-0667 | Email Subject: RE: JTV Update | SCI0034401 to -4418 | Hearsay within hearsay, FRE 805. | | | Business Record - FRE 803(6)(B); Covered by Stipulation, Dkt. # 223. |
| P-0675 | email RE: is JTV going to be another QVC? | SCI0035014 to -5016 | Irrelevant, confusing, misleading, unfairly prejudicial. FRE 402; 403 re: QVC; See Motion in Limine No 2 | | | This is not from the QVC Project.  Revenat, FRE 401(b).  Not covered by MIL No. 2. |
| P-0678 | email from Madhaven to Read | SCI0035255 to -5259 | Irrelevant, confusing, misleading, unfairly prejudicial. FRE 402; 403 re: QVC; See Motion in Limine No 2 | | | This is not from the QVC Project.  Revenat, FRE 401(b).  Not covered by MIL No. 2. |
| P-0682 | Email Subject: RE: JTV update | SCI0035808 to -5831 | Hearsay within hearsay, FRE 805. | | | Business Record - FRE 803(6)(B); Covered by Stipulation, Dkt. # 223. |
| P-0701 | Concerns and Decisions | SCI0038217 to -8218 | Hearsay within hearsay, FRE 805. | | | This is not from the QVC Project.  Revenat, FRE 401(b).  Not covered by MIL No. 2. |

| | | | | | |
|---|---|---|---|---|---|
| P-0704 | Email re: Suresh call on QVC project | SCI0040780 to -0784 | Irrelevant, confusing, misleading, unfairly prejudicial. FRE 402; 403 re: QVC; See Motion in Limine No. 2 | | This is not from the QVC Project. Revenat, FRE 401(b). Not covered by MIL No. 2. |
| P-0706 | Email re: Suresh call on QVC project | SCI0041604 to -1607 | Irrelevant, confusing, misleading, unfairly prejudicial. FRE 402; 403 re: QVC; See Motion in Limine No. 2 | | This is not from the QVC Project. Revenat, FRE 401(b). Not covered by MIL No. 2. |
| P-0707 | Louis Burgin to Guy Read | SCI0041787 to -1794 | Hearsay within hearsay, FRE 805. | | Business Record - FRE 803(6)(B); Covered by Stipulation, Dkt. # 223. |
| P-0709 | Please provide feedback on this ASAP shipment consolidation | SCI0042160 to -2162 | Hearsay within hearsay, FRE 805. | | Business Record - FRE 803(6)(B); Covered by Stipulation, Dkt. # 223. |
| P-0710 | e-mail from Kerstin Smith to Suresh Pillai, dated 11/29/07 | SCI0042172 to -2175 | Irrelevant, unfairly prejudicial. FRE 402, 403, see Defendant's Motion in Limine (No. 2). | | E-mail directly reflects progress/impediments to progress on project. With regard to QVC mention, not covered by MIL No. 2. |
| P-0711 | Suresh to Knoxville from QVC project | SCI0042399 to -2401 | Irrelevant, unfairly prejudicial. FRE 402, 403, see Defendant's Motion in Limine (No. 2). | | E-mail directly reflects assignment of resources on project. With regard to QVC mention, not covered by MIL No. 2. |
| P-0712 | Email Subject: configuration support | SCI0043015 to -3016 | Irrelevant, confusing, misleading, unfairly prejudicial. FRE 402; 403 re: QVC; See Motion in Limine No. 2 | | 1/2 of e-mail chain in Ex. 53. See response above. |
| P-0714 | email from Louis Burgin to Danilo Rodriguez, dated 4/15/ | SCI0044885 to -4885 | Irrelevant, unfairly prejudicial. FRE 402, 403, see Defendant's Motion in Limine (No. 2). Hearsay within hearsay, FRE 805 | | E-mail reflects progress/changes to return-to-vendor processes for project. Business Record - FRE 803(6)(B); Covered by Stipulation, Dkt. # 223. With regard to QVC mention, not covered by MIL No. 2. |
| P-0717 | Email re: pass onto product mgmt.-request for integration | SCI0047475 to -7484 | Irrelevant, confusing, misleading, unfairly prejudicial. FRE 402; 403 re: QVC; See Motion in Limine No. 2 | | E-mail reflects truthfulness of voice picking representation/promise. With regard to QVC mention, not covered by MIL No. 2. |
| P-0768 | Email string RE: WMS forecast | SCI0064695 to -4697 | Irrelevant, confusing. FRE 402, FRE 403 | | E-mail reflects Sterling preparation of forecasting for JTV project. |
| P-0769 | Majumdar Ex. 30 | SCI0065028 to -5038 | Optional completeness. FRE 106 unless cover email included | | Document stands alone without cover e-mail. Notwithstanding, JTV will publish attachment, if possible. |
| P-0782 | Email RE: JTV - Business Case Summary Spreadsheet attaching JTV Business Case Summary Final.xls | SCI0067969 to -7972 | Irrelevant, confusing. FRE 402, FRE 403 | | E-mail shows Sterling preparation of ROI spreadsheet. |
| P-0784 | Conference Call RE: updated sequence of events | SCI0068385 to -8391 | Irrelevant, FRE 402. | | E-mail reflects timing of planning sessions. |
| P-0785 | Email RE: CP forecast | SCI0072806 to -2812 | Misleading, unfairly prejudicial, confusing, FRE 403. | | E-mail reflects internal SCI communication on project budget overruns with pared back implementation. |
| P-0787 | Email from Read to Jackson re: negative SCI project performance | SCI0073081 to -3082 | Irrelevant, misleading, confusing, unfairly prejudicial, FRE 402, 403. | | E-mail reflects SCI mid-project evaluations of unskilled team members. Admissions of SCI. |

| P-0788 | Email RE: Happy New Year and turning ships | SCI0073198 to -3198 | Misleading, unfairly prejudicial, confusing, FRE 403. | | | E-mail reflects SCI mid-project evaluations of project progress not going well. Admissions of SCI. |
| P-0801 | Email RE: RE: Is JTV going to be another QVC ? | SCI0077819 to -7820 | Irrelevant, unfairly prejudicial. FRE 402, 403, see Defendant's Motion in Limine (No 2) to exclude any reference to QCV and Best Buy after October 2007. | | | E-mail subject "Is JTV going to be another QVC?" dated 8/1/08 and reflects SCI's knowledge of poor project. Admissions of SCI. This e-mail is not from the QVC or Best Buy project. Relevant, FRE 401(b). Not covered by MIL No. 2. |
| P-0805 | Status Report | SCI0078075 to -8076 | Date wrong. | | | The Jury will see only the exhibit itself. The date on any filing can be corrected. |
| P-0890 | RE: Pass onto Product Mgmt - Request for integration with VP application on behalf of JTV | SCI0155942 to -5945 | Optional completeness.  FRE 106.  Attachment missing. | | | Email reflects no attachments to final message. JTV will evaluate whether attachment produced by SCI. |
| P-0901 - P-0902 | Email re: December 21 Critical Care - Engineering attaching Presentation slides re: Engineering Critical Care - Customer Dashboard | SCI0158936 to -8969 | Irrelevant, unfairly prejudicial. FRE 402, 403, see Defendant's Motion in Limine (No. 2). Hearsay within hearsay, FRE 805 | | | Business Record - FRE 803(6)(B); Covered by Stipulation, Dkt. # 223. With regard to QVC mention, not covered by MIL No. 2. |
| P-0903 | Master Timeline-Email from Regan about Mahal failing to mention several weeks that Infosys needed more info | SCI0164079 to -4080 | Optional Completeness, FRE 106. Attachment missing. | | | Email reflects no attachments to final message. JTV will evaluate whether attachment produced by SCI. |
| P-0909 | JTV Implementation Phase -02-07-08 - DASHBOARD.xls | SCI0169821 to -9821 | Not Published | | | Rule 26(e) production. |
| P-0910 | JTV Implementation Phase -02-14-08 - DASHBOARD.xls | SCI0170205 to -0205 | Not Published | | | Rule 26(e) production. |
| P-0911 | JTV Implementation Phase -02-21-08 - DASHBOARD.xls | SCI0170363 to -0363 | Not Published | | | Rule 26(e) production. |
| P-0912 | JTV Implementation Phase -02-28-08 - DASHBOARD.xls | SCI0170619 to -0619 | Not Published | | | Rule 26(e) production. |
| P-0913 | JTV Implementation Phase -03-06-08 - DASHBOARD.xls | SCI0170839 to -0839 | Not Published | | | Rule 26(e) production. |
| P-0914 | JTV Implementation Phase -03-06-08 - DASHBOARD.xls | SCI0170842 to -0842 | Not Published | | | Rule 26(e) production. |
| P-0919 | Stelzer Email re: use this one for Sterling Costs | SCI0183669 to -3670 | Optional completeness. FRE 106 unless spreadsheet attached | | | Agreed. JTV will publish attachment. |
| P-0920 - P-0922 | Unknown | SCI0183682 to -3686 | Optional completeness. FRE 106 unless spreadsheet attached (P-0922 not published) | | | Rule 26(e) production. JTV will evaluate and, if necessary, publish attachment. |
| P-0932 - P-0935 | Email RE: New WebEx Link and Dial In Informaton attaching "JTV Business Case Summary 5-19-07I.ppt, Solution Definition & Implementation Estimates 5-17-07.xls, image001.gif" | SCI0183844 to -3880 | None to 932, 933. Not Published  for 934. None to 935 | | | Re 934, Rule 26(e) production |
| P-0936 - P-0937 | JTV Transformation Project a Business Case Summary | SCI0183882 to -3912 | Optional completeness.  FRE 106.  Attachment missing. | | | Document stands alone and does not reference attachments. JTV will evaluate and, if necessary, publish attachment. |

| | | | | | |
|---|---|---|---|---|---|
| P-0938 - P-0939 | Giannoni's Email RE: Need your 5 minute review of ROI nugget | SCI0183977 to -3983 | Optional completeness. FRE 106. Attachment missing. | | Document stands alone. Simple automatic image attachment included. |
| P-0979 - P-0980 | Email RE: Follow up from JTV/Sterling Steering Committee Meeting of 11/28 | SCI0190084 to -0085 | Missing page, optional completenes, FRE 106. | | JTV will review production and, if produced, will publish missing page. |
| P-1053 | JTV Implementation Phase -11-29-07 - DASHBOARD.xls | SCI0219075 to -9075 | Not Published | | Rule 26(e) production. |
| P-1054 - P-1056 | Email Subject: FW: Updated Slide and Financial Info - Attaching [Jewelry Television Project Steering committee input December 6 2007.ppt] and [Budget plan forecast for Implementation phase for JTV 30Nov2007.xls] | SCI0219143 to -9152 | None- Not Published 1056 | | Re 1056, Rule 26(e) production. |
| P-1057 | JTV Implementation Phase -12-13-07 - DASHBOARD.xls | SCI0219211 to -9211 | Not Published | | We will publish |
| P-1058 | JTV Implementation Phase -01-31-08 - DASHBOARD.xls | SCI0219591 to -9591 | Not Published | | We will publish |
| P-1059 | JTV Implementation Phase -02-14-08 - DASHBOARD.xls | SCI0219767 to -9767 | Not Published | | We will publish |
| P-1061 | JTV Implementation Phase -01-24-08 - DASHBOARD.xls | SCI0221080 to -1080 | Not Published | | We will publish |
| P-1062 | JTV Implementation Phase -02-07-08 - DASHBOARD.xls | SCI0221120 to -1120 | Not Published | | We will publish |
| P-1063 | JTV Implementation Phase -01-03-08 - DASHBOARD.xls | SCI0222606 to -2606 | Not Published | | We will publish |
| P-1064 | JTV Implementation Phase -01-17-08 - DASHBOARD.xls | SCI0222607 to -2607 | Not Published | | We will publish |
| P-1065 | JTV Implementation Phase -02-07-08 - DASHBOARD.xls | SCI0222608 to -2608 | Not Published | | We will publish |
| P-1066 | JTV Implementation Phase -02-21-08 - DASHBOARD.xls | SCI0222609 to -2609 | Not Published | | We will publish |
| P-1067 | JTV Implementation Phase -03-06-08 - DASHBOARD.xls | SCI0222610 to -2610 | Not Published | | We will publish |
| P-1068 | JTV Implementation Phase -11-08-07 - DASHBOARD.xls | SCI0222611 to -2611 | Not Published | | We will publish |
| P-1069 | JTV Implementation Phase -11-29-07 - DASHBOARD.xls | SCI0222612 to -2612 | Not Published | | We will publish |
| P-1070 | JTV Implementation Phase -12-13-07 - DASHBOARD.xls | SCI0222613 to -2613 | Not Published | | We will publish |

| | | | | | |
|---|---|---|---|---|---|
| P-1075 | QVC's Florence Distribution Center report | QVC-Sterling00000002 to -0003 | Irrelevant, confusing, misleading, unfairly prejudicial. FRE 402, 403; See Defendant's Motion in Limine No. 2 | | Disagree. See JTV opposition to MIL No. 2. |
| P-1076 | Email RE: Sterling Commerce (QVC position on Issues) | QVC-Sterling00000012 to -0012 | Irrelevant, confusing, misleading, unfairly prejudicial. FRE 402, 403; See Defendant's Motion in Limine No. 2 | | Disagree. See JTV opposition to MIL No. 2. |
| P-1077 | Email RE: Florence Sterling Performance Review and Multi-Line update | QVC-Sterling00000234 to -0236 | Irrelevant, confusing, misleading, unfairly prejudicial. FRE 402, 403; See Defendant's Motion in Limine No. 2; | | These emails are relevant because they demonstrate that Sterling intended to defraud JTV by making multiple and continued misrepresentations, with knowledge of the falsity of those statements, and omissions of material fact, before and after the contracts were signed. The probative value substantially outweighs any prejudice. <u>With regard to QVC mention, not covered by MIL No. 2.</u> |
| P-1078 | Universal Software License | QVC-Sterling00000271 to -0275 | Irrelevant, confusing, misleading, unfairly prejudicial. FRE 402, 403; See Defendant's Motion in Limine No. 2; | | The contract is relevant to demonstrate that Sterling intended to defraud JTV by making multiple and continued misrepresentations, with knowledge of the falsity of those statements, and omissions of material fact, before and after the contracts were signed. It also demonstrates causation and to rebut Sterling's sixth affirmative defense that the damage JTV suffered was self-inflicted since QVC and JTV used relatively the same software. The probative value substantially outweighs any prejudice. <u>With regard to QVC mention, not covered by MIL No. 2.</u> |
| P-1079 | Addendum to Universal Software License Agreement | QVC-Sterling00000276 to -0280 | Irrelevant, confusing, misleading, unfairly prejudicial. FRE 402, 403; See Defendant's Motion in Limine No. 2; | | The contract is relevant to demonstrate that Sterling intended to defraud JTV by making multiple and continued misrepresentations, with knowledge of the falsity of those statements, and omissions of material fact, before and after the contracts were signed. It also demonstrates causation and to rebut Sterling's sixth affirmative defense that the damage JTV suffered was self-inflicted since QVC and JTV used relatively the same software. The probative value substantially outweighs any prejudice. <u>With regard to QVC mention, not covered by MIL No. 2.</u> |
| P-1080 | UNIVERSAL SOFTWARE LICENSE AGREEMENT | QVC-Sterling00000281 to -0283 | Irrelevant, confusing, misleading, unfairly prejudicial. FRE 402, 403; See Defendant's Motion in Limine No. 2 | | The contract is relevant to demonstrate that Sterling intended to defraud JTV by making multiple and continued misrepresentations, with knowledge of the falsity of those statements, and omissions of material fact, before and after the contracts were signed. It also demonstrates causation and to rebut Sterling's sixth affirmative defense that the damage JTV suffered was self-inflicted since QVC and JTV used relatively the same software. The probative value substantially outweighs any prejudice. <u>With regard to QVC mention, not covered by MIL No. 2.</u> |

| | | | | | | |
|---|---|---|---|---|---|---|
| P-1081 | Implementation Statement of Work with Sterling for the implementation of nWMS | QVC-Sterling00000285 to - 0291 | Irrelevant, confusing, misleading, unfairly prejudicial. FRE 402, 403; See Defendant's Motion in Limine No. 2 | | | This document is relevant to demonstrate that Sterling intended to defraud JTV by making multiple and continued misrepresentations, with knowledge of the falsity of those statements, and omissions of material fact, before and after the contracts were signed. The probative value substantially outweighs any prejudice. With regard to QVC mention, not covered by MIL No. 2. |
| P-1082 | Sterling provided QVC with its Request for Proposal Response and also recommended its new nWMS | QVC-Sterling00000609 to - 0660 | Irrelevant, confusing, misleading, unfairly prejudicial. FRE 402, 403; See Defendant's Motion in Limine No. 2 | | | This document is relevant to demonstrate that Sterling intended to defraud JTV by making multiple and continued misrepresentations, with knowledge of the falsity of those statements, and omissions of material fact, before and after the contracts were signed. The probative value substantially outweighs any prejudice. With regard to QVC mention, not covered by MIL No. 2. |
| P-1083 | Email RE: Sterling issues attaching John J. Sullican.vcf | QVC-Sterling00000814 to - 0815 | Irrelevant, confusing, misleading, unfairly prejudicial. FRE 402, 403; See Defendant's Motion in Limine No. 2 | | | This document is relevant because it demonstrates that Sterling intended to defraud JTV by making multiple and continued misrepresentations, with knowledge of the falsity of those statements, and omissions of material fact, before and after the contracts were signed. The probative value substantially outweighs any prejudice. With regard to QVC mention, not covered by MIL No. 2. |
| P-1084 | May 1, 2008 email from Jeff Edison to John Sullivan | QVC-Sterling00000821 to - 0821 | Irrelevant, unfairly prejudicial. FRE 402, 403, see Defendant's Motion in Limine (No. 2) | | | This document is relevant because it demonstrates that Sterling intended to defraud JTV by making multiple and continued misrepresentations, with knowledge of the falsity of those statements, and omissions of material fact, before and after the contracts were signed. The probative value substantially outweighs any prejudice. With regard to QVC mention, not covered by MIL No. 2. |
| P-1085 | Email RE: Sterling Software | QVC-Sterling00000824 to - 0824 | Irrelevant, confusing, misleading, unfairly prejudicial. FRE 402, 403; See Defendant's Motion in Limine No. 2 | | | This document is relevant because it demonstrates that Sterling intended to defraud JTV by making multiple and continued misrepresentations, with knowledge of the falsity of those statements, and omissions of material fact, before and after the contracts were signed. The probative value substantially outweighs any prejudice. With regard to QVC mention, not covered by MIL No. 2. |
| P-1086 | Email RE: Florence Sterling Performance Review and Multi- line Update | QVC-Sterling00000825 to - 0826 | Irrelevant, confusing, misleading, unfairly prejudicial. FRE 402, 403; See Defendant's Motion in Limine No. 2 | | | These emails are relevant because they demonstrate that Sterling intended to defraud JTV by making multiple and continued misrepresentations, with knowledge of the falsity of those statements, and omissions of material fact, before and after the contracts were signed. The probative value substantially outweighs any prejudice. With regard to QVC mention, not covered by MIL No. 2. |

| | | | | | |
|---|---|---|---|---|---|
| P-1087 | Email RE: Sterling Test Results | QVC-Sterling00000830 to -<br>0830 | Irrelevant, unfairly prejudicial. FRE 402, 403, see Defendant's<br>Motion in Limine (No. 2) | | This email is relevant because it demonstrates that Sterling intended to defraud JTV by making multiple and continued misrepresentations, with knowledge of the falsity of those statements, and omissions of material fact, before and after the contracts were signed. The probative value substantially outweighs any prejudice. <u>With regard to QVC mention, not covered by MIL No. 2.</u> |
| P-1088 | Email RE: Sterling Issue Talking Points attaching Sterling<br>Issues 081105.doc | QVC-Sterling00000834 to -<br>0836 | Irrelevant, confusing, misleading, unfairly prejudicial. FRE<br>402, 403; See Defendant's Motion in Limine No. 2 | | This email and attachment show issues with Sterling's software. They are relevant because they demonstrate that Sterling intended to defraud JTV by making multiple and continued misrepresentations, with knowledge of the falsity of those statements, and omissions of material fact, before and after the contracts were signed. The probative value substantially outweighs any prejudice. <u>With regard to QVC mention, not covered by MIL No. 2.</u> |
| P-1089 | email from John Hartz to John Sullivan | QVC-Sterling00000892 to -<br>0899 | Irrelevant, confusing, misleading, unfairly prejudicial. FRE<br>402, 403; See Defendant's Motion in Limine No. 2 | | This document is relevant because it demonstrates that Sterling intended to defraud JTV by making multiple and continued misrepresentations, with knowledge of the falsity of those statements, and omissions of material fact, before and after the contracts were signed. The probative value substantially outweighs any prejudice. <u>With regard to QVC mention, not covered by MIL No. 2.</u> |
| P-1090 | Schedule No. 1 to Universal Software License Agreement<br>dated 11/03/06 | SCI0229607 to -9611 | Irrelevant, FRE 402 | | The contract is relevant to demonstrate that Sterling intended to defraud JTV by making multiple and continued misrepresentations, with knowledge of the falsity of those statements, and omissions of material fact, before and after the contracts were signed. It also demonstrates causation and to rebut Sterling's sixth affirmative defense that the damage JTV suffered was self-inflicted since QVC and JTV used relatively the same software. |
| P-1091 - P-1092 | Email RE: Best Buy is LIVE with Sterling Store Order Management PCA & DOM | SCI0231483 to -1490 | Irrelevant, unfairly prejudicial. FRE 402, 403, see Defendant's Motion in Limine (No 2) to exclude any reference to QCV and<br>Best Buy after October 2007. | | This document is relevant because it demonstrates that Sterling intended to defraud JTV by making multiple and continued misrepresentations, with knowledge of the falsity of those statements, and omissions of material fact, before and after the contracts were signed. The probative value substantially outweighs any prejudice. <u>With regard to QVC and Best Buy mention, not covered by MIL No. 2.</u> |
| P-1105 | Planned Technology Roadmap | JTV-SC001330759 to -0826 | Irrelevant 402 (Published exhibit does is not the Planned Technology Roadmap but the Employment Records of Dustin Cole) | | Agreed. JTV will review and correct as needed. |
| P-1121 | 2013 Customer Satisfaction Benchmark Survey | JTV-SC001334660 to -4700 | Hearsay, FRE 802. Authentication, FRE 901. Confusing,<br>misleading, FRE 403 | | Business Record -- FRE 803(6)(B); Covered by Stipulation, Dkt. # 223. Parties have stipulated that all documents produced in discovery are authentic; Covered by Stipulation, Dkt. # 223. The probative value of this relevant document substantially outweighs any prejudice, confusion or risk of misleading the jury. |

| | | | | | | |
|---|---|---|---|---|---|---|
| P-1122 | email RE: urgent QVC SWAT TEAM MEETING | SCI0321323 to -1324 | Irrelevant, unfairly prejudicial. FRE 402, 403, see Defendant's Motion in Limine (No 2) to exclude any reference to QCV and Best Buy after October 2007. | | | This document is relevant because it demonstrates that Sterling intended to defraud JTV by making multiple and continued misrepresentations, with knowledge of the falsity of those statements, and omissions of material fact, before and after the contracts were signed. The probative value substantially outweighs any prejudice. <u>With regard to QVC and Best Buy mention, not covered by MIL No. 2.</u> |
| P-1124 | EXP- Phase I Report for QVC Florence | SCI0332225 to -2285 | Irrelevant, unfairly prejudicial. FRE 402, 403, see Defendant's Motion in Limine (No 2) to exclude any reference to QCV and Best Buy after October 2007. | | | This document is relevant because it demonstrates that Sterling intended to defraud JTV by making multiple and continued misrepresentations, with knowledge of the falsity of those statements, and omissions of material fact, before and after the contracts were signed. The probative value substantially outweighs any prejudice. <u>With regard to QVC and Best Buy mention, not covered by MIL No. 2.</u> |
| P-1125 | EXP- Phase II Report for QVC Florence | SCI0332286 to -2303 | Irrelevant, unfairly prejudicial. FRE 402, 403, see Defendant's Motion in Limine (No 2) to exclude any reference to QCV and Best Buy after October 2007. | | | This document is relevant because it demonstrates that Sterling intended to defraud JTV by making multiple and continued misrepresentations, with knowledge of the falsity of those statements, and omissions of material fact, before and after the contracts were signed. The probative value substantially outweighs any prejudice. <u>With regard to QVC and Best Buy mention, not covered by MIL No. 2.</u> |
| P-1126 | EXP- Phase III Report for QVC Florence | SCI0332312 to -2337 | Irrelevant, unfairly prejudicial. FRE 402, 403, see Defendant's Motion in Limine (No 2) to exclude any reference to QCV and Best Buy after October 2007. | | | This document is relevant because it demonstrates that Sterling intended to defraud JTV by making multiple and continued misrepresentations, with knowledge of the falsity of those statements, and omissions of material fact, before and after the contracts were signed. The probative value substantially outweighs any prejudice. <u>With regard to QVC and Best Buy mention, not covered by MIL No. 2.</u> |
| P-1127 | Undated Sterling QVC Document 2007.04.30; "StatusReport.zip/QVC Briefing_May0708.doc2007.04.30" | SCI0332818 to -2821 | Irrelevant, unfairly prejudicial. FRE 402, 403, see Defendant's Motion in Limine (No 2) to exclude any reference to QCV and Best Buy after October 2007. | | | This document is relevant because it demonstrates that Sterling intended to defraud JTV by making multiple and continued misrepresentations, with knowledge of the falsity of those statements, and omissions of material fact, before and after the contracts were signed. The probative value substantially outweighs any prejudice. <u>With regard to QVC and Best Buy mention, not covered by MIL No. 2.</u> |
| P-1173 | Actual Technology Roadmap | JTV-SC001337092 to -7093 | Hearsay, FRE 802. Authentication, FRE 901. Prejudicial, misleading and confusing, FRE 403. FRE 702 | | | Business Record -- FRE 803(6)(B); Covered by Stipulation, Dkt. # 223. Parties have stipulated that all documents produced in discovery are authentic; Covered by Stipulation, Dkt. # 223. The probative value of this relevant document substantially outweighs any prejudice, confusion or risk of misleading the jury. Damages - relied upon by expert - Rule 26(e). |
| P-1174 - P-1190 | meeting notes re: IT JTV | JTV-SC001337094 to -7110 | Hearsay, FRE 802. Authentication, FRE 901. Document illegible. | | | Business Record -- FRE 803(6)(B); Covered by Stipulation, Dkt. # 223. Parties have stipulated that all documents produced in discovery are authentic; Covered by Stipulation, Dkt. # 223. JTV disagrees as to illegibility. Handwriting is legible. |

| | | | | | | |
|---|---|---|---|---|---|---|
| P-1192 - P-1213 | Development Team Materials | SCI0334390 to -4489 | P-1192 Not Published; Confusing, misleading, FRE 403; Authentication FRE 901 | | | Rule 26(e) production. The probative value of these documents substantially outweighs any potential prejudice, confusion or risk of misleading the jury. Parties have stipulated that all documents produced in discovery are authentic; Covered by Stipulation, Dkt. # 223. |
| P-1214 - P-1237 | Development Team Materials | SCI0334494 to -4588 | Confusing, misleading, FRE 403; Authentication FRE 901 | | | These documents are relevant because they demonstrate that Sterling intended to defraud JTV by making multiple and continued misrepresentations, with knowledge of the falsity of those statements, and omissions of material fact, before and after the contracts were signed. The probative value of these documents substantially outweighs any potential prejudice, confusion or risk of misleading the jury. Parties have stipulated that all documents produced in discovery are authentic; Covered by Stipulation, Dkt. # 223. |
| P-1238 - P-1244 | Development Team Materials | SCI0334641 to -5019 | Confusing, misleading, FRE 403; Authentication FRE 901 | | | These documents are relevant because they demonstrate that Sterling intended to defraud JTV by making multiple and continued misrepresentations, with knowledge of the falsity of those statements, and omissions of material fact, before and after the contracts were signed. The probative value of these documents substantially outweighs any potential prejudice, confusion or risk of misleading the jury. Parties have stipulated that all documents produced in discovery are authentic; Covered by Stipulation, Dkt. # 223. |
| P-1246 | 2009 and 2010 Consolidated Trial Balance | JTV-SC001340380 to -0401 | Hearsay, FRE 802. Authentication, FRE 901. Prejudicial, misleading and confusing, FRE 403. FRE 702 | | | Business Record -- FRE 803(6)(B); Covered by Stipulation, Dkt. # 223. Parties have stipulated that all documents produced in discovery are authentic; Covered by Stipulation, Dkt. # 223. The probative value of this relevant document substantially outweighs any prejudice, confusion or risk of misleading the jury. Damages - relied upon by expert - Rule 26(e). |
| P-1249 | Site Visit interview | SCI0346989 to -6993 | Optional completeness, FRE 106. Hearsay, FRE 802. Irrelevant, Undue prejudice, FRE 402, 403. Defendant's Motion in Limine (No. 2) to exclude references to QVC | | | This is a transcript of expert interview notes, not a document. Business Record -- FRE 803(6)(B); Covered by Stipulation, Dkt. # 223. These documents are relevant because they demonstrate that Sterling intended to defraud JTV by making multiple and continued misrepresentations, with knowledge of the falsity of those statements, and omissions of material fact, before and after the contracts were signed. The probative value of these documents substantially outweighs any potential prejudice, confusion or risk of misleading the jury. With regard to QVC mention, not covered by MIL No. 2. |
| P-1251 | Charlie Wagner Exhibit No [10] | N/A to -N/A | Hearsay, FRE 802. Confusing, misleading, FRE 403 | | | This is an objection to the extent Sterling wants to use the 30(b)(6) testimony. |
| P-1252 | Charlie Wagner Exhibit No [12] | N/A to -N/A | Hearsay, FRE 802. Confusing, misleading, FRE 403 | | | This is a verification to interrogatories. |

| | | | | | |
|---|---|---|---|---|---|
| P-1273 | Actual Technology Roadmap | JTV-SC001332835 to -2838 | Hearsay, FRE 802. Authentication, FRE 901. Prejudical, misleading and confusing, FRE 403. FRE 702 | | Business Record -- FRE 803(6)(B); Covered by Stipulation, Dkt. # 223. Parties have stipulated that all documents produced in discovery are authentic; Covered by Stipulation, Dkt. # 223. This document's probative value substantially outweighs any potential prejudice, confusion or risk of misleading the jury. Damages - relied upon by expert - Rule 26(e). |
| P-1275 | High Level Commentary Corresponding with Sales Levels | JTV-SC001340438 to -0440 | Hearsay, FRE 802. Authentication, FRE 901. Prejudical, misleading and confusing, FRE 403. FRE 702 | | Business Record -- FRE 803(6)(B); Covered by Stipulation, Dkt. # 223. Parties have stipulated that all documents produced in discovery are authentic; Covered by Stipulation, Dkt. # 223. This document's probative value substantially outweighs any potential prejudice, confusion or risk of misleading the jury. Damages - relied upon by expert - Rule 26(e). |
| P-1277 | AOS follow up analysis | JTV-SC001340443 to -0448 | Hearsay, FRE 802. Authentication, FRE 901. Prejudical, misleading and confusing, FRE 403. FRE 702 | | Business Record -- FRE 803(6)(B); Covered by Stipulation, Dkt. # 223. Parties have stipulated that all documents produced in discovery are authentic; Covered by Stipulation, Dkt. # 223. This document's probative value substantially outweighs any potential prejudice, confusion or risk of misleading the jury. Damages - relied upon by expert - Rule 26(e). |
| P-1278 | Business Intelligence Impacts as a Result of the Sterling failure | JTV-SC001340449 to -0464 | Hearsay, FRE 802. Authentication, FRE 901. Prejudical, misleading and confusing, FRE 403. FRE 702 | | Business Record -- FRE 803(6)(B); Covered by Stipulation, Dkt. # 223. Parties have stipulated that all documents produced in discovery are authentic; Covered by Stipulation, Dkt. # 223. This document's probative value substantially outweighs any potential prejudice, confusion or risk of misleading the jury. Damages - relied upon by expert - Rule 26(e). |
| P-1279 | AOS facts Scott Bayley May Assume as True | JTV-SC001340465 to -0466 | Hearsay, FRE 802, Authentication, FRE 901, Prejudical and Confusing, FRE 403, FRE 702. FRE 702 | | Business Record -- FRE 803(6)(B); Covered by Stipulation, Dkt. # 223. Parties have stipulated that all documents produced in discovery are authentic; Covered by Stipulation, Dkt. # 223. This document's probative value substantially outweighs any potential prejudice or confusion . Damages - relied upon by expert - Rule 26(e). |
| P-1280 | Stretch Pay Facts Scott Bayley May Assume as True | JTV-SC001340470 to -0471 | Hearsay, FRE 802. Authentication, FRE 901. Prejudical, misleading and confusing, FRE 403. FRE 702 | | Business Record -- FRE 803(6)(B); Covered by Stipulation, Dkt. # 223. Parties have stipulated that all documents produced in discovery are authentic; Covered by Stipulation, Dkt. # 223. This document's probative value substantially outweighs any potential prejudice, confusion or risk of misleading the jury. Damages - relied upon by expert - Rule 26(e). |
| P-1281 | Actual Technology Roadmap | JTV-SC001340495 to -0496 | Hearsay, FRE 802. Authentication, FRE 901. Prejudical, misleading and confusing, FRE 403. FRE 702 | | Business Record -- FRE 803(6)(B); Covered by Stipulation, Dkt. # 223. Parties have stipulated that all documents produced in discovery are authentic; Covered by Stipulation, Dkt. # 223. This document's probative value substantially outweighs any potential prejudice, confusion or risk of misleading the jury. Damages - relied upon by expert - Rule 26(e). |

| P-1282 | Factors Contributing to Inventory Shrinkage | JTV-SC001340508 to -0511 | Hearsay, FRE 802. Authentication, FRE 901. Prejudicial, misleading and confusing, FRE 403. FRE 702 | | | Business Record -- FRE 803(6)(B); Covered by Stipulation, Dkt. # 223. Parties have stipulated that all documents produced in discovery are authentic; Covered by Stipulation, Dkt. # 223. This document's probative value substantially outweighs any potential prejudice, confusion or risk of misleading the jury. Damages - relied upon by expert - Rule 26(e). |
|---|---|---|---|---|---|---|
| P-1283 | Historic Moneyball Data.csv | JTV-SC001340512 to -0512 | Hearsay, FRE 802. Authentication, FRE 901. Prejudicial, misleading and confusing, FRE 403. | | | Business Record -- FRE 803(6)(B); Covered by Stipulation, Dkt. # 223. Parties have stipulated that all documents produced in discovery are authentic; Covered by Stipulation, Dkt. # 223. This document's probative value substantially outweighs any potential prejudice, confusion or risk of misleading the jury. |
| P-1284 | email re Sterling Commerce (QVC position) | JTV-SC001340598 to -0598 | Hearsay, FRE 802. Authentication, FRE 901. Prejudicial, misleading and confusing, FRE 403. (Published exhibit does Not Match Description- Metrics for Sterling Model - Sept 19, 2012) | | | Business Record -- FRE 803(6)(B); Covered by Stipulation, Dkt. # 223. Parties have stipulated that all documents produced in discovery are authentic; Covered by Stipulation, Dkt. # 223. This document's probative value substantially outweighs any potential prejudice, confusion or risk of misleading the jury. Agreed as to description of exhibit. JTV will review and correct as needed. |
| P-1285 | Inputs for shipping rates in damages model. | JTV-SC001340599 to -0610 | Hearsay, FRE 802. Authentication, FRE 901. Hearsay within Hearsay, FRE 805. Prejudicial, misleading and confusing, FRE 403. Document illegible. | | | Business Record -- FRE 803(6)(B); Covered by Stipulation, Dkt. # 223. Parties have stipulated that all documents produced in discovery are authentic; Covered by Stipulation, Dkt. # 223. This document's probative value substantially outweighs any potential prejudice, confusion or risk of misleading the jury. JTV will consider producing a cleaner copy. |
| P-1286 | FY 2009 JTV Trial Balance | JTV-SC001341174 to -1191 | Hearsay, FRE 802. Authentication, FRE 901. Hearsay within Hearsay, FRE 805. Prejudicial, misleading and confusing, FRE 403. | | | Business Record -- FRE 803(6)(B); Covered by Stipulation, Dkt. # 223. Parties have stipulated that all documents produced in discovery are authentic; Covered by Stipulation, Dkt. # 223. This document's probative value substantially outweighs any potential prejudice, confusion or risk of misleading the jury. |
| P-1287 | Regressions and Margin Co efficients for the Moneyball Model | JTV-SC001342614 to -2706 | Hearsay, FRE 802. Authentication, FRE 901. Prejudicial, misleading and confusing, FRE 403. | | | Business Record -- FRE 803(6)(B); Covered by Stipulation, Dkt. # 223. Parties have stipulated that all documents produced in discovery are authentic; Covered by Stipulation, Dkt. # 223. This document's probative value substantially outweighs any potential prejudice, confusion or risk of misleading the jury. |
| P-1288 | JTV IT Salaries | JTV-SC001342842 to -2909 | Hearsay, FRE 802. Authentication, FRE 901. Prejudicial, misleading and confusing, FRE 403. Motion in Limine No. 4 | | | Business Record -- FRE 803(6)(B); Covered by Stipulation, Dkt. # 223. Parties have stipulated that all documents produced in discovery are authentic; Covered by Stipulation, Dkt. # 223. This document's probative value substantially outweighs any potential prejudice, confusion or risk of misleading the jury. See JTV's Response to MIL No. 4, Dkt. # 679. |

| P-1289 | 1.a.1. Shipping Consolidation Saves in Original Model.xls | JTV-SC001342912 to -2912 | Hearsay, FRE 802. Hearsay within hearsay, FRE 805.<br>Authentication, FRE 901. Prejudical, misleading and confusing, FRE 403. | | | Business Record -- FRE 803(6)(B); Covered by Stipulation, Dkt. # 223. Parties have stipulated that all documents produced in discovery are authentic; Covered by Stipulation, Dkt. # 223. This document's probative value substantially outweighs any potential prejudice, confusion or risk of misleading the jury. |
| --- | --- | --- | --- | --- | --- | --- |
| P-1290 | Survey of Shipping Times | JTV-SC001342913 to -2917 | Hearsay, FRE 802. Authentication, FRE 901. Hearsay with in hearsay, FRE 805. Prejudical, misleading and confusing, FRE 403. FRE 702 | | | Business Record -- FRE 803(6)(B); Covered by Stipulation, Dkt. # 223. Parties have stipulated that all documents produced in discovery are authentic; Covered by Stipulation, Dkt. # 223. This document's probative value substantially outweighs any potential prejudice, confusion or risk of misleading the jury. Damages - relied upon by expert - Rule 26(e). |
| P-1291 | Unknown | JTV-SC001342927 to -2934 | Hearsay, FRE 802. Hearsay within hearsay, FRE 805.<br>Authentication, FRE 901 | | | Damages - relied upon by expert - Rule 26(e) |
| P-1292 | Unknown | JTV-SC001342935 to -2937 | Hearsay, FRE 802. Hearsay within hearsay, FRE 805.<br>Authentication, FRE 901 | | | Damages - relied upon by expert - Rule 26(e) |
| P-1293 | Unknown | JTV-SC001342938 to -2945 | Hearsay, FRE 802. Authentication, FRE 901 | | | Damages - relied upon by expert - Rule 26(e) |
| P-1294 | WMS validation. | JTV-SC001342946 to -2981 | Hearsay, FRE 802. Authentication, FRE 901. Document illegible. Prejudical, misleading and confusing, FRE 403. | | | Damages - expert work product - not illegible |
| P-1295 | Cost Savings From Elimination of Paper Tickets | JTV-SC001342982 to -3006 | Hearsay, FRE 802. Authentication, FRE 901. Prejudical, misleading and confusing, FRE 403. | | | Damages - relied upon by expert - Rule 26(e) |
| P-1296 | Common Schema Facts That Scott Bayley | JTV-SC001343011 to -3016 | Hearsay, FRE 802. Authentication, FRE 901. Document illegible. Prejudical, misleading and confusing, FRE 403. FRE 702 | | | FRE 703 - Facts Relied Upon by Exert |
| P-1297 | Undated Information regarding the company | JTV-SC001343017 to -3019 | Hearsay, FRE 802. Authentication, FRE 901. Prejudical, misleading and confusing, FRE 403. | | | Damages - relied upon by expert - Rule 26(e) |
| P-1298 | Payments to Third Party Vendors | JTV-SC001343029 to -3033 | Hearsay, FRE 802. Authentication, FRE 901. Prejudical, misleading and confusing, FRE 403. | | | Damages - payment to third party vendors - relied upon by expert - Rule 26(e) |
| P-1299 | Profit Conversion Factors | JTV-SC001343040 to -3057 | Hearsay, FRE 802. Authentication, FRE 901. Prejudical, misleading and confusing, FRE 403. | | | Damages - verification of payments to thrid party vendors and others - relied upon by expert - Rule 26(e) |
| P-1300 | Actual Technology Roadmap Matrix | JTV-SC001343060 to -3114 | Hearsay, FRE 802. Authentication, FRE 901. Prejudical, misleading and confusing, FRE 403. | | | Damages - schedule and expenses - relied upon by expert - Rule 26(e) |
| P-1301 | Andrew R Script (methodology for multivariate regression) | JTV-SC001343276 to -3276 | Hearsay, FRE 802. Authentication, FRE 901. Prejudical, misleading and confusing, FRE 403. | | | Damages - regression analysis script - relied upon by expert - Rule 26(e) |

| | | | | | |
|---|---|---|---|---|---|
| P-1302 | Second AOS follow up | JTV-SC001343277 to -3277 | Hearsay, FRE 802. Authentication, FRE 901. Prejudicial, misleading and confusing, FRE 403. | | Damages - expert work product - relied upon by expert - Rule 26(e ) |
| P-1303 | Updated Actual Technology Roadmap | JTV-SC001502319 to -2319 | Hearsay, FRE 802. Authentication, FRE 901. Document illegible. Prejudical, misleading and confusing, FRE 403. FRE 702 | | Damages - relied upon by expert - Rule 26(e) |
| P-1304 | Email from Chip Niemann to Kim Griffin regarding "JTV Conference Call with Ryan McClurkin" attaching "Fiscal Dates" | JTV-SC001502424 to -2427 | Hearsay, FRE 802. Authentication, FRE 901. Prejudical, misleading and confusing, FRE 403. Date wrong | | Damages - relied upon by expert - Rule 26(e) |
| P-1305 | Sterling Installed Software | JTV-SC001503498 to -3498 | Hearsay, FRE 802. Authentication, FRE 901. Prejudical, misleading and confusing, FRE 403. | | Damages - relied upon by expert - Rule 26(e) |
| P-1306 | JTV observations of functionalities not provided by the Sterling software | JTV-SC001503499 to -3499 | Hearsay, FRE 802. Authentication, FRE 901. Prejudical, misleading and confusing, FRE 403. | | Damages - relied upon by expert - Rule 26(e) |
| P-1307 | Partial Benefit of Shipping Machine Automation | JTV-SC001503500 to -3500 | Hearsay, FRE 802. Authentication, FRE 901. Prejudical, misleading and confusing, FRE 403. | | Damages - relied upon by expert - Rule 26(e) |
| P-1308 | Benefits Analysis | JTV-SC001503501 to -3501 | Hearsay, FRE 802. Authentication, FRE 901. Prejudical, misleading and confusing, FRE 403. | | Damages - expert work procuct - Rule 26(e) |
| P-1309 | Partial benefits analysis | JTV-SC001503502 to -3502 | Hearsay, FRE 802. Authentication, FRE 901. Prejudical, misleading and confusing, FRE 403. | | Damages - expert work procuct - Rule 26€ |
| P-1310 | Lambert Ex. 01 | N/A to -N/A | Not produced, FRCP 37(c)(1) | | Lambert Ex. 1 is the RFP |
| P-1313 | Charlie Wagner Exhibit [Wagner, Charlie] | N/A to -N/A | Hearsay, FRE 802 | | We will withdraw this exhibit. |
| P-1314 | Defendant's objections and responses to Plaintiff's first set of interrogatories | JTV-SC002001134 to -1137 | Irrelevant, confusing, misleading, unfairly prejudicial. FRE 402, 403; See Defendant's Motion in Limine No. 2; Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used") | | Answers to interrogatories are admissible at trial.  FRCP 33(c); FRE 801(d)(2)(A) |
| P-1316 | JTV Operations Video including historical photos | JTV-SC002001167 to -1167 | Hearsay, FRE 802. Authentication, FRE 901. Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used"). | | Demonstrative. |

| P-1317 | Year in Review and Results | JTV-SC002001168 to -1168 | Hearsay, FRE 802. Authentication, FRE 901. Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used"). | | | Damages - relied upon by expert - Rule 26€ |
| P-1318 | PowerPoint - Software Engineering RE: 2006 Completed Projects of JTV | JTV-SC002001169 to -1175 | Hearsay, FRE 802. Authentication, FRE 901. Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used"). | | | Damages - relied upon by expert - Rule 26€ |
| P-1319 | JTV Timeline Prepared at the Request of Bob Hall / October 1993 - 2019 | JTV-SC002001176 to -1191 | Hearsay, FRE 802. Authentication (first page), FRE 901. Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used"). | | | Damages - relied upon by expert - Rule 26(e) |
| P-1320 - P-1323 | Technology Software Roadmap and Future Projections, Inbound Planning and Processing | JTV-SC002001192 to -1197 | Hearsay, FRE 802. Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used") | | | Damages - relied upon by expert - Rule 26(e) |
| P-1321 | Updated Technology Roadmap (Oct 2016) | JTV-SC002001193 to -1195 | Hearsay, FRE 802. Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used") | | | Damages - relied upon by expert - Rule 26.e |
| P-1322 | JTV Operations Flow Chart | JTV-SC002001196 to -1196 | Hearsay, FRE 802. Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used") | | | Demonstrative - Damages - relied upon by expert - Rule 26.e |
| P-1323 | Schematic / JTV PO and WMS Processes Under the Sterling Installed Software | JTV-SC002001197 to -1197 | Hearsay, FRE 802. Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used") | | | Demonstrative - Damages - relied upon by expert - Rule 26.e |
| P-1324 - P-1325 | Sterling Commerce OMS, PO, WMS Project JTV Resource Implementation Estimate | JTV-SC002001198 to -1211 | Hearsay, FRE 802. Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used") | | | Damages - relied upon by expert - implementation estimate - previously produced by Sterling. |

| | | | | | |
|---|---|---|---|---|---|
| P-1325 | Budget Documents regarding the cost of JTV Participation in the Sterling Project, as incorporated into the Business Case | JTV-SC002001199 to -1211 | Hearsay, FRE 802. Authentication, FRE 901. Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used"). | | Damages - relied upon by expert - implementation estimate - previously produced by Sterling. |
| P-1326 - P-1332 | Project Resources Graph | JTV-SC002001212 to -1220 | Hearsay, FRE 802. Authentication, FRE 901. Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used"). | | Damages - amounts paid to Sterling - JTV employees assigned to the project - Rule 26.e - relied upon by expert |
| P-1327 | Compilation of SCI Resources Working on the Project from April 2007-October 2008 (per SCI invoices) | JTV-SC002001213 to -1214 | Hearsay, FRE 802. Authentication, FRE 901. Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used"). | | Compilation - Damages - amounts paid to Sterling - based on Sterling invoices - relied upon by expert - Rule 26.e |
| P-1328 | Compilation of Information Regarding JTV Resources Working on SCI Project from May 2007-Oct 2008 | JTV-SC002001215 to -1215 | Hearsay, FRE 802. Authentication, FRE 901. Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used"). | | Compilation - Damages - internal resources - based on previously produced materials - relied upon by expert - Rule 26.e |
| P-1330 | Compilation:  Financial and Business Information spreadsheet / 1997-2016 / from audited financial statements | JTV-SC002001218 to -1218 | Hearsay, FRE 802. Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used") | | Compilation - Damages - financial and business information  - based on previously produced materials - relied upon by expert - Rule 26.e |
| P-1333, P-1349, P-135 | COLLECTIVE EXHIBIT OF INFORMATION AND COMPILATIONS RE JTV'S PRE-STERLING BUDGET FOR TIME AND RESOURCES FOR COMPLETION OF PROJECTS ON IT ROADMAP BETWEEN 1/1/07 AND Q2 OF FY10 | JTV-SC002001221 to JTV-SC002001225; JTV-SC002001443 to JTV-SC002001458; JTV-SC002001497 to JTV-SC002001522 to - | Hearsay, FRE 802. Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used") | | Compilation - Damages - relied upon by expert - Rule 26.e |
| P-1334 | Number of JTV shipments / 2002-2016 | JTV-SC002001226 to -1226 | Hearsay, FRE 802. Authentication, FRE 901. Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used"). | | Summary - FRE 1006 - Damages - relied upon by expert - Rule 26.e - based on previously produced materials |

| | | | | | | |
|---|---|---|---|---|---|---|
| P-1335 | JTV average employee headcount / 2000 - 2016 | JTV-SC002001227 to -1227 | Hearsay, FRE 802. Authentication, FRE 901. Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used"). | | | Summary - FRE 1006 - Damages - relied upon by expert - Rule 26.e - based on previously produced materials |
| P-1336 - P-1337 | Audited Income Statement and Other Financial Metrics | JTV-SC002001228 to -1229 | Hearsay, FRE 802. Authentication, FRE 901. Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used"). | | | Summary - FRE 1006 - Damages - Audited Income Statement and Other Financial Metrics - based on previously produced materials. |
| P-1338 | Compilation of completed JTV software projects / October 2008-October 2016 | JTV-SC002001230 to -1235 | Hearsay, FRE 802. Authentication, FRE 901. Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used"). | | | Damages - schedule and expenses -Rule 26(e) |
| P-1340 | DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES | JTV-SC002001308 to -1325 | Plaintiff's Interrogatory No. 2 is irrelevant, confusing, misleading, unfairly prejudicial. FRE 402, 403; See Defendant's Motion in Limine No. 2 | | | Answers to interrogatories are admissible at trial.  FRCP 33(c); FRE 801(d)(2)(A) |
| P-1342 | 3-19-2017 Supplement-Concordance: Brief in Support of Motion | JTV-SC002001343 to -1344 | Optional Completeness, FRE 106 | | | We will publish the entire brief. |
| P-1343 - P-1345 | STERLING PROJECT DAMAGES: IMPACTS RESULTING FROM LOST OR DELAYED FEATURES | JTV-SC002001345 to -1399 | Hearsay, FRE 802. Authentication, FRE 901. Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used"). | | | Damages - Relied Upon by Expert - Rule 26.e |
| P-1346 | JTV Limited Offer to Purchase, April 17, 2015, Section Entitled "Information Regarding the Company" and "The Company's Business Plans and Recent Developments" | JTV-SC002001400 to -1403 | Hearsay, FRE 802. Authentication, FRE 901. Optional completeness, FRE 106. Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used"). Misleading, confusing, FRE 403. | | | We will publish the entire document - Damages - Relied upon by Expert - Rule 26.e+ |

| P-1347 | Revised Preliminary, Non-Expert Computation of Damages | JTV-SC002001404 to -1440 | Hearsay, FRE 802. Authentication, FRE 901. Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used"). | | | Damages - Initial Disclosures - Previously Produced - Relied Upon by Expert |
|---|---|---|---|---|---|---|
| P-1348 | Business Cycle Dating Committee, National Bureau of Economic Research | JTV-SC002001441 to -1442 | Hearsay, FRE 802. Authentication, FRE 901. Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used"). | | | Relied upon by experts.  Rule 26(e) production. |
| P-1350 | Scrum books | JTV-SC002001459 to -1461 | Hearsay, FRE 802. Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used"); See Defendant's Motion in Limine No. 5 | | | Rule 26(e) production. |
| P-1351, P-1362 | Master list of Scrum teams | JTV-SC002001462-64, JTV-SC002001586 to - | Hearsay, FRE 802. Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used"); See Defendant's Motion in Limine No. 5 | | | Rule 26(e) production. |
| P-1352 - P-1353 | Scrum kick off week | JTV-SC002001465 to -1470 | Hearsay, FRE 802. Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used"); See Defendant's Motion in Limine No. 5 | | | Rule 26(e) production. |
| P-1354 | Sprint Review Article | JTV-SC002001471 to -1471 | Hearsay, FRE 802. Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used"); See Defendant's Motion in Limine No. 5 | | | Rule 26(e) production. |
| P-1355 - P-1356 | Agenda for Scrum visit | JTV-SC002001472 to -1473 | Hearsay, FRE 802. Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used"); See Defendant's Motion in Limine No. 5 | | | Rule 26(e) production. |

| | | | | | | |
|---|---|---|---|---|---|---|
| P-1357 | Autobots  Sprint 5- final  review Transformers  ppt | JTV-SC002001474 to -1495 | Hearsay, FRE 802. Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used"); See Defendant's Motion in Limine No. 5 | | | Rule 26(e) production. |
| P-1358 | Payment processing flow.pdf | JTV-SC002001496 to -1496 | Hearsay, FRE 802. Authentication, FRE 901. Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used"). | | | Rule 26(e) production. |
| P-1360 | Introduction to Scrum JTV ppt. | JTV-SC002001523 to -1584 | Hearsay, FRE 802. Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used"); See Defendant's Motion in Limine No. 5 | | | Rule 26(e) production. |
| P-1361 | Payment processing flow.vsd | JTV-SC002001585 to -1585 | Not Published.  Hearsay, FRE 802. Authentication, FRE 901. Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used"). | | | Demonstrative. |
| P-1363 | Sterling Project Damages Impacts Resulting from Lost or Delayed Features, March 2012-2014 Roadmap | JTV-SC001330777 to -0799 | Hearsay, FRE 802. Authentication, FRE 901. Hearsay within hearsay, FRE 805. Prejudical, misleading and confusing,  FRE 403. FRE 702 | | | Damages - Relied Upon by Expert - Rule 26.e - Previously Produced - Written by Jason Hembree |
| P-1365 | Tim Matthews Handwritten Notes 10/14/08 | JTV-SC002001587 to -1587 | Hearsay, FRE 802. Authentication, FRE 901. Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used"). | | | Business Record.- FRE 803(6)(B); Covered by Stipulation, Dkt. # 223; Rule 26.e |
| P-1375 - P-1386 | Reid interview notes and transcripts | SCI0346840 to -6998 | Hearsay, FRE 802 | | | Statements against Interst - FRE 804(b)(3) |

| | | | | |
|---|---|---|---|---|
| P-1389 | PDF containing excerpts from Source Code files; TestDiffGen.java lines 15-16; XMLComparator.java line 32; XSDGenerator.java lines 422-424, 821-823, 805, 834, and 880 YCPMenuAPI.java lines 529-530; YDKSynchronizationAnalysisResultsBehavior.java line 416, line 439, and YDMShipmentSplitter.java lines 70-72; YFCEntityApiImplTest.java line 29 YFCEntityDBHome.java line 1730 in V7.9 and line 1791 in V7.11; FS_Count_RequestImpl.java line 1039 in V7.9 and line 1174 in V7.11; YFS_Count_RequestImpl.java lines 1061-1074 in V7.9 and lines 1196-YFSCHangeOrderSchedule.java line 511 in V7.9 and line 512 in V7.11 YFSCharge.java line 103 and also in 382; YSFMoveStatusManager.java lines 233-234 in V7.9 and lines 232-233 in YFSOrderLineGetXMLHelper.java lines 86-87 and 559 YFSOrderLineGetXMLHelper.java lines 305, in 1083, and also in 1110 YFSOrderLineGetXMLHelper.java lines 86-87 and 559 YFSOrderLineGetXMLHelper.java lines 305, in 1083, and also in 1110 YFSPromiseSolutionIteration.java lines 107-108 YFSReceiveOrder.java line 660 and line 668 in V7.9 and line 663 and line YIFClientFactory.java lines 20-21 | SCI0346999 to -7052 | Optional Completeness FRE 106; Irrelevant, misleading, unfairly prejudicial, confusing FRE 403; Hearsay, FRE 802 | These are screen shots from Sterling code implemented at JTV. It is relevant. |
| P-1390 | U.S. National Bureau of Economic Research September 20, 2010 Report establishing that the recession began December 2007 and ended June 2009 | N/A to -N/A | Hearsay, FRE 802 | Relied upon by experts. Rule 26(e) production. |
| P-1393 | Felton Lewis Statement Under Oath | N/A to -N/A | Hearsay, FRE 802. FRCP 30(b)(1), see Defendant's Motion in Limine No. 3. | See opposition to MIL No. 3. |
| P-1395 | JTV's Enterprise Software Systems | JTV-SC001331786 to -1912 | None (Description does not match published document which is the MCGI 2010 Tax Return) | N/A |

| | | | | | |
|---|---|---|---|---|---|
| P-1396 | Plan comparisons file generated by TKR | JTV-SC002000145 to -0147 | Hearsay, FRE 802. Authentication, FRE 901 | | Expert work product. |
| P-1397 | Mark Fontecchio "How much ERP custom software application development is too much?", | JTV-SC002000226 to -0231 | Hearsay, FRE 802. Hearsay within hearsay, FRE 805. Authentication, FRE 901 | | Relied upon by experts. Rule 26(e) production. |
| P-1399 | KR generated sample project plan, Task tab, Gantt chart view, Sample Project Plan ex | JTV-SC002000920 to -0920 | Hearsay, FRE 802. Authentication, FRE 901 | | Expert work product. |
| P-1400 | TKR generated sample project plan, Task tab, Gantt chart view, Sample Project Plan ex | JTV-SC002000921 to -0921 | Hearsay, FRE 802. Authentication, FRE 901 | | Expert work product. |
| P-1401 | TKR generated sample project plan, Task tab, Gantt chart view, Sample Project Plan ex | JTV-SC002000922 to -0922 | Hearsay, FRE 802. Authentication, FRE 901 | | Expert work product. |
| P-1403 | "Three Reasons Not To Customize Your ERP Implementation." | JTV-SC002001007 to -1009 | Hearsay, FRE 802. Authentication, FRE 901 | | Relied upon by experts. Rule 26(e) production. |
| P-1409 | Compilation Exhibit: Ryan Report, Exhibit B: Information Provided by JTV's Software Engineers Considered in Writing This Report re: Sterling's PO and inbound nWMS as well as OMS and outbound nWMS Products Functionalities | N/A to -N/A | Description does not match published document, which has Bates numbers | | Error in P Ex. No. See Ex. B to Ryan Report. 1409, 1410, and 1411 will be re-marked as 1492, 1493, and 1494. |
| P-1410 | Compilation Exhibit: Ryan Report, Exhibit C: Information Provided by JTV's Software Engineers Considered in Writing This Report WRT the Traceability Matrix | N/A to -N/A | Description does not match published document, which has Bates numbers | | Error in P Ex. No. See Ex. C to Ryan Report. 1409, 1410, and 1411 will be re-marked as 1492, 1493, and 1494. |
| P-1411 | Compilation Exhibit: Schatz Report, Exhibit D: Memorandum From C. Chris Meystrik | N/A to -N/A | Description does not match published document, which has Bates numbers | | Error in P Ex. No. See Ex. D to Schatz Report. 1409, 1410, and 1411 will be re-marked as 1492, 1493, and 1494. |
| P-1458 | Compilation Exhibit: Bayley Report, Schedules and Appendices | N/A to -N/A | Hearsay, FRE 802; FRE 702 | | Compilation exhibit of previously produced documents relied upon by expert. |
| P-1459 | Compilation of Examples of JTV Screenshots | N/A to -N/A | Irrelevant, confusing, waste of time, FRE 402, FRE 403. | | Relevant - use of software. |
| P-1460 | Compilation of Examples of JTV Code Installed at JTV | N/A to -N/A | Hearsay, FRE 802; FRE 702; Authentication, FRE 901; Not produced, FRCP 37(c)(1), see Motion in Limine No. 7 | | See opposition to MIL No. 7. |
| P-1461 | Compilation of build-up of IT hardware | N/A to -N/A | Optional Completeness, Irrelevant, FRE 106, FRE 402. Hearsay, FRE 802. Authentication, FRE 901. Not produced, FRCP 37(c)(1) | | Compilation exhibit of previously produced documents relied upon by expert. |
| P-1462 | Compilation of Examples of Sterling Code Installed at JTV as Part of Phoenix Rising | N/A to -N/A | Hearsay, FRE 802; FRE 702; Authentication, FRE 901; Not produced, FRCP 37(c)(1), see Motion in Limine No. 7 | | See opposition to MIL No. 7. |

| | | | | | |
|---|---|---|---|---|---|
| P-1463 | Collective Exhibit: Sprint Reviews for 11/26/2007, 4/11/2008, 2/29/2008, 3/14/2008, 5/5/2008, 2/18/2008, 3/10/2008, 3/12/2008, 4/1/2008, 5/6/2008, 6/4/2008, 7/2/2008, 8/5/2008, 8/6/2008, 8/27/2008, 11/5/2008, 6/6/2008, 12/14/2007, 1/28/2008, 2/27/2008, 3/25/2008, 4/22/2008, 6/2/2008 | N/A to -N/A | Hearsay 802; Authentication 901; FRCP 37(c)(1) not produced in discovery | | Compilation of Rule 26(e) material to rebut Sterling's expert. |
| P-1464 | Collective Exhibit: Sprint Retrospectives for 11/26/2007, 12/20/2007, 11/21/2007, 11/21/2007 | N/A to -N/A | Hearsay 802; Authentication 901; FRCP 37(c)(1) not produced in discovery; Motion in Limine No. 4 | | Compilation of Rule 26(e) material to rebut Sterling's expert.  See opposition to MIL No. 4. |
| P-1465 | Compilation of WMS Solution Design Documents | N/A to -N/A | Confusing, misleading, waste of time, FRE 403. | | Compilation exhibit of previously produced documents.  This saves time, it doesn't waste it. |
| P-1466 | Compilation of PO Solution Design Documents | N/A to -N/A | Confusing, misleading, waste of time, FRE 403. | | Compilation exhibit of previously produced documents.  This saves time, it doesn't waste it. |
| P-1467 | Compilation of OMS Solution Design Documents | N/A to -N/A | Confusing, misleading, waste of time, FRE 403. | | Compilation exhibit of previously produced documents.  This saves time, it doesn't waste it. |
| P-1468 | Compilation of HLD and DD Documents | N/A to -N/A | Confusing, misleading, waste of time, FRE 403. | | Compilation exhibit of previously produced documents.  This saves time, it doesn't waste it. |
| P-1469 | Compilation of correspondence re the OMS SDD (with attachments)  not identified elsewhere | N/A to -N/A | Hearsay 802; Authentication 901 | | Compilation exhibit of previously produced documents. |
| P-1470 | Background JTV payroll records and other background records associated with the cost of employment, as previously produced and as necessary to verify any JTV internal employment charges against Sterling for JTV's support in the failed implementation of Sterling software and repair and replacement of contractually required Sterling functionality. | N/A to -N/A | Hearsay 802; Authentication 901; FRCP 37(c)(1) not produced in discovery; Motion in Limine No. 4 | | Relied upon by experts.  Rule 26(e) production. |
| P-1471 | Compilation of Correspondence re DDs (with attachments) | N/A to -N/A | Optional Completeness, Irrelevant, waste of time, FRE 106, FRE 402, FRE 403 | | Compilation exhibit of previously produced documents. |
| P-1472 | Compilation of Correspondence re HLDs and DDs (with attachments) | N/A to -N/A | Optional Completeness, Irrelevant, waste of time, FRE 106, FRE 402, FRE 403 | | Compilation exhibit of previously produced documents. |

| | | | | | | |
|---|---|---|---|---|---|---|
| P-1473 | Compilation of Correspondence re SDDs (with attachments) | N/A to -N/A | Optional Completeness, Irrelevant, waste of time, FRE 106, FRE 402, FRE 403 | | | Compilation exhibit of previously produced documents. |
| P-1474 | Compilation of Correspondence re Traceability Matrices (with attachments) | N/A to -N/A | Optional Completeness, Irrelevant, waste of time, FRE 106, FRE 402, FRE 403 | | | Compilation exhibit of previously produced documents. |
| P-1475 | Bios of JTV Employees and Consultants in Leadership Positions in IT | JTV-SC002001138 to -1166 | Hearsay, FRE 802. Late produced, FRCP 37(c)(1), Dkt. 612 at 12 ("any information Plaintiff attempts to rely upon a trial that was not provided to Defendant cannot be used") | | | Rule 26(e) production. |
| P-1483 | Email re: notes from today's tech steering meeting | JTV-SC00986385 to -6385 | Optional Completeness, Irrelevant, FRE 106, FRE 402 | | | Relevant - deals with the project - Business Record.- FRE 803(6)(B); Covered by Stipulation, Dkt. # 223. |

Exhibit C
(JTV's Objections to Sterling's Core Exhibits)

Case 3:09-cv-00143-TRM-HBG   Document 702   Filed 04/18/17   Page 53 of 54   PageID #: 25084

| Trial Ex. | Date | Bates Range | Document | Depo Ex. | Objections |
|---|---|---|---|---|---|
| D-25 | 12/06/2006 | JTV-SC000171713-739; JTV-SC000171738-001 | Email from Tom Guschke to David Boeschenstein and Andy Meadows regarding "WMS Business Case Summary" attaching "WMS Business Case Summary" Presentation | Boeschenstein 002 | None, except that JTV-SC000171738-001 is not part of the 12/06/2006 email |
| D-42 | 07/15/2008 | JTV-SC00080737-372 | Agenda for General Business Meeting with Handwritten Notes of Tim Matthews | Wagner, Charles 005 | None - except bates number is wrong; should be JTV-SC000807371 |
| D-67 | 11/01/2005 | SCI0185871-962 | Yantra Client Profiles | Madhavan 028 | Not complete - SCI0185869-965 |
| D-139 | 12/04/2006 | JTV-SC000171807-839; JTV-SC000171842-863 | Keogh Project KF-396, WMS Business Case Summary | Meystrik 007 Guschke 021 | None, but EMBEDDED_FILE_2.xls - JTV-SC000171842-863 is not the WMS Business Case Summary |
| D-1019 | 05/16/2008 | SCI0321716 | Article from Knoxnews.com entitled "Jewelry Television cutting more than 200 jobs" | | FRE 802 - Hearsay |
| D-1243 | 07/10/2010 | | Knoxville News Sentinel Article, "Jewelry Television seeks sparkling future" | | FRE 802 - Hearsay |
| D-1274 | 03/31/2013 | SCI0321754-64 | Article entitled, "Tim Matthews guides Jewelry Television back to profitability" | | FRE 802 - Hearsay |
| D-1286 | 05/30/2013 | SCI0321765-69 | Jewelry Television Reviews – Glassdoor | | FRE 802 - Hearsay |
| D-1397 | 04/15/2008 | JTV-SC001278610-14 | JTV Memo from C. Wagner III to T. Matthews re: Material Litigation | | FRE 401 - Relevance FRE 508 - Privilege |
| D-1398 | 01/20/2017 | | http://www.knoxnews.com/story/money/business/2017/01/20/growing-sales-growing-campus-jtv/96716472/gla | | FRE 802 - Hearsay |
| D-1399 | | | Federal Rule of Evidence 1006 Summary of JTV Financial Statements | | Not complete and inaccurate: D-1653-002 (JTV Capital Expenditures): 2016 is blank and is therefore incorrect. D-1653-003 (JTV Inventory): 2004 is blank and is therefore incorrect. D-1653-004 (JTV Debt): 2004 is blank and is therefore incorrect. D-1653-005 (JTV Debt/Additions/Payment): 2004 is blank and is therefore incorrect. Repayments are incorrect (overstated) for fiscal years 2009 and 2010. D-1653-006 (JTV Pre-Tax Profits): Pre-tax profits are incorrect for fiscal years 2007 (understated) 2010 (overstated), 2014 (understated) and 2015 (understated). |